JUDY SMITH CARSON, PETITIONER, v. A. PILSTON GODWIN, JR., COMMISSIONER OF NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, RESPONDENT.

(Filed 29 March, 1967.)

1. **Automobiles § 2— Licensee continuing to drive after receipt of notice of suspension of license may not object to statutory penalties.**

Where the licensee admits she received notification of suspension of her license on the ground of want of liability insurance on her vehicle, and relies on her insurance agent to correct his error in failing to furnish the Commissioner with notice of the actual existence of liability insurance on her car, and the licensee's license is again successively suspended for subsequent moving violations of the motor vehicle statutes, *held*, the suspensions of license were lawful, even though the suspensions would not have been entered had the Commissioner been properly advised of the existence of liability insurance on the vehicle, since licensee, with notice of suspension, continued to drive, and the failure of proof of insurance was the dereliction of her own agent.

2. **Same—**

A motor vehicle operator's license may be suspended or revoked only in accordance with statutory provisions, and it is better practice to advise the licensee of suspension or revocation of license by registered letter with request for return receipt in order to insure compliance with the constitutional requirement of notice.

APPEAL by Petitioner from *Anglin, J.,* May 9, 1966 Non-Jury Civil Session, GASTON Superior Court.

The Petitioner, Judy Smith Carson, instituted this proceeding on March 10, 1966, praying that the Court review the orders of Respondent, A. Pilston Godwin, Commissioner of Motor Vehicles, suspending as of May 21, 1965, September 28, 1965 and September 28, 1966 Petitioner's driver's license, upon the ground the suspension orders were contrary to law.

The Commissioner filed answer alleging the suspension orders were lawful and required by the statutory provisions applicable to the facts before the Commissioner.

The proceeding came on for hearing before Judge Anglin upon the stipulations and evidence offered by the parties. From the stipulations and the evidence the Court found these pertinent facts: Prior to May 21, 1965 Petitioner had a valid North Carolina driver's license. She owned a 1955 Buick automobile upon which she had obtained liability insurance, however, the insurance policy, for some reason, perhaps error of the insuring agency, was issued in the name of Petitioner's mother, Helen Fisher Smith. On February 21, 1965 Petitioner, while operating the Buick on the streets of Charlotte, was involved in an accident. The damage she caused was approximately $125.00. The Commissioner did not receive a report

of the accident. Effective May 21, 1965 the Commissioner, as provided in G.S. 20-279.5(b), suspended Petitioner's driver's license. The notice of suspension was by letter directed to Judy Carson Smith at her Gaston County address as shown by the Commissioner's records. On September 26, 1965 the Petitioner was convicted in the Charlotte City Court on a charge of speeding 50 miles per hour in a 40 mile per hour zone. Effective September 28, 1965 the Commissioner revoked for one year Petitioner's driver's license as required by G.S. 20-28.1. On November 6, 1965 the Petitioner was again convicted in Charlotte of reckless driving. The Commissioner revoked the license for an additional year. The Petitioner instituted this proceeding seeking relief from the orders of suspension, contending she had a valid insurance policy on the Buick at the time of the accident on February 21, 1965 and she made out a report of the accident which she mailed to the Department. She went to Florida immediately after the accident and did not return until the last of May, 1965, at which time she found the suspension order. Immediately she called her insurance agent, advising him of the suspension order for failing to show financial responsibility. The agent advised her he had failed to mail the form showing such responsibility but would do so immediately and straighten out the controversy with the Commissioner. The agent, Mr. Cannon, testified, corroborating the Petitioner's statement. He further testified that at the time of the accident the Buick was covered by valid insurance. He also testified that he had made the report to the Commissioner showing the insurance but that he had neglected to mail it and the oversight was caused by the fact that it was by mistake returned to his file.

At the conclusion of the hearing, Judge Anglin found facts to be as above summarized, adjudged the suspension orders to be valid, and refused to vacate them. The Petitioner excepted and appealed.

*Joseph B. Roberts, III, for petitioner appellant.*

*T. W. Bruton, Attorney General, Wilson B. Partin, Jr., Staff Attorney for respondent appellee.*

HIGGINS, J. Apparently the original suspension order for failure to show financial responsibility for the damage caused by the accident which occurred in Charlotte on February 21, 1965 would not have been entered had the Commissioner known of the insurance coverage. It was the fault of the Petitioner or her insurance agent that fact of coverage was not made known to the Commissioner. Thereafter the subsequent suspensions were entered for mov-

ing violations committed during the period of suspension. *Robinson v. Casualty Co.,* 260 N.C. 284, 132 S.E. 2d 629.

The Petitioner admitted on direct examination that she received the notice of the Department's first order of revocation when she returned from Florida the last of May, 1965. After receiving this notice she got in touch with her insurance agent who had promised to furnish the Commissioner with the proper evidence of insurance coverage. She relied on this promise, assuming that the revocation would be lifted. Had she been correct in these assumptions and the showing of financial responsibility, the subsequent suspension orders would not have been entered.

The Respondent's evidence and record of notice to the Petitioner prior to the first suspension order are not very satisfactory. An open letter to a former address may or may not be delivered, especially if there is a change of address. If the mails are to be employed for the transmission of notice, it would seem that a registered letter and a return receipt showing delivery would be a more complete compliance with the requirements of notice — essential of due process. "A license to operate a motor vehicle on the public highways of North Carolina is a personal privilege and a property right which may not be denied a citizen of this State who is qualified therefor. . . ." It may be suspended or revoked only in accordance with the statutory provisions. *In Re Donnelly,* 260 N.C. 375, 132 S.E. 2d 904; *Beaver v. Scheidt,* 251 N.C. 671, 111 S.E. 2d 881. In the instant case, however, the Petitioner admitted she received the revocation notice when she returned from Florida the last of May. She made the mistake of relying on her insurance agent to transmit the required report showing the Buick was covered by valid insurance. The agent's failure to transmit the report does not restore the right to operate a motor vehicle upon the public highway. The subsequent moving violations during the period of the first suspension made revocation for an additional period mandatory under G.S. 20-28.1.

In this case the evidence is sufficient to support the facts found by Judge Anglin and they in turn sustain the conclusions of law and the judgment entered in the Superior Court. The judgment is

Affirmed.