STATE OF NORTH CAROLINA v. EARNEST RAY THOMAS

No. 728SC665

(Filed 20 December 1972)

**Automobiles § 112; Criminal Law § 34— involuntary manslaughter case — evidence of other offenses involving operation of automobile — prejudicial error**

 In this prosecution for involuntary manslaughter arising from an automobile accident, the trial court committed prejudicial error in permitting a State's witness to testify prior to the time defendant took the stand that defendant had previously been convicted of reckless driving while his driver's license was suspended and for driving while his license was suspended, since evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; such error was not cured when defendant was thereafter properly cross-examined as to his prior convictions for the purpose of impeaching his credibility as a witness.

APPEAL by defendant from *Cowper, Judge,* February 1972 Session of Superior Court held in GREENE County for the trial of criminal cases.

The defendant was tried on three bills of indictment, each charging him with the felony of involuntary manslaughter.

The evidence for the State tended to show that the defendant was operating an automobile on Highway 264 at about 6:25 p.m. on 5 February 1971 in Greene County. He was traveling east at a speed of about 80 miles per hour, pulling in and out of traffic. As defendant pulled out into the left lane to pass a vehicle in front of him, he crashed head-on into an automobile going west on Highway 264, said automobile being operated by one Linda Arrington. It was stipulated that as a result of this accident and collision, Linda Arrington and Ann Tart, who was riding with the Arrington girl, and Jeffrey Fogel, who was

State v. Thomas

riding with the defendant, were killed. The posted speed limit in that area was 50 miles per hour for trucks and 60 miles per hour for automobiles. After the collision the defendant, while still pinned in his automobile under the steering wheel, had the odor of alcohol on his breath but the evidence did not reveal that he was under the influence of intoxicating liquor.

Defendant offered evidence which in substance tended to show that on this date he and his brother were riding in his, the defendant's automobile which was at that time being operated by Jeffrey Fogel and that the defendant's brother was riding in the middle of the front seat and the defendant was riding on the right side of the front seat.

From verdicts of guilty as to each count and judgment of imprisonment, the defendant appealed, assigning error.

*Attorney General Morgan and Assistant Attorneys General Melvin and Ray for the State.*

*Turner & Harrison by Fred W. Harrison for defendant appellant.*

MALLARD, Chief Judge.

The defendant contends that the trial court erred in failing to grant his motion for judgment as of nonsuit. We hold that there was sufficient evidence to require submission of the case to the jury.

Defendant also contends that the trial court committed error when it allowed evidence to be admitted of other crimes committed by defendant while operating an automobile. The defendant contends that although he later took the witness stand and testified, this does not make such evidence competent because he may not have testified or offered any evidence, except for this error.

State's witness Whitehurst, who testified that he was a member of the State Highway Patrol, was permitted to testify, over objection, as follows:

"Q. Trooper, in reference to that license check, will you please tell us the status of the defendant's driving license on the date of the accident?

A. His license were in a state of suspension.

Q. How long were they suspended for?

A. The license were taken on February 20, 1970, and his license were suspended on March 8, 1970, and were suspended until May 8, 1971.

Q. Now, during that suspension was there another conviction?

A. Yes, sir.

Q. What was that conviction for?

A. Reckless Driving.

Q. Is there a suspension for driving while license were suspended?

A. Yes, sir. That was November 9, 1970.

Q. And did that result in the further suspension of his driver's license?

A. Yes, sir.

Q. What further period of suspension did that result in?

A. His license were suspended for a further period of until May 7, 1973.

Q. Would you please repeat the dates of license suspension conviction?

A. That was in New Bern District Court, November 9, 1970."

In Stansbury, N. C. Evidence 2d, § 91, it is said: "Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact, it will not be excluded merely because it also shows him to have been guilty of an independent crime."

The defendant contends, and we agree, that when the solicitor continued to ask this witness questions as to other crimes the defendant had been convicted of prior to the time that the defendant testified, such was prejudicial error. It violated the rule that evidence of other offenses is inadmissible if its

only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. While the fact that the defendant's driver's license was in a state of suspension was competent as evidence in the case, the reasons for the suspension were incompetent and their admission into evidence amounted to prejudicial error. The fact that the defendant may have been convicted of reckless driving on another occasion while his driver's license was suspended and for driving while his driver's license was suspended does not come within any of the exceptions to the general rule excluding evidence of the commission of other offenses as set out in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Moreover, we are of the opinion that the fact that defendant was later properly cross-examined concerning his prior convictions for the purpose of impeaching his credibility did not cure the error. If we were to hold otherwise, it would amount to a condonation of a practice which the rules of evidence forbid.

Defendant has other assignments of error, some of which have merit but which may not recur on a new trial, and we have not considered them.

We are of the opinion and so hold that the defendant is entitled to a new trial.

New trial.

Judges BROCK and BRITT concur.