State v. Atwood

STATE OF NORTH CAROLINA v. KATHERINE MARIE ATWOOD

No. 7521SC381

(Filed 19 November 1975)

1. **Automobiles § 3— suspension of driver's license — notice mailed to address shown on DMV records — due process**

    The due process requirement of notice of the suspension of defendant's driver's license was met when the Department of Motor Vehicles mailed such notice to defendant at her address as shown on the Department's records in accordance with the provisions of G.S. 20-48, notwithstanding defendant had moved from that address and did not receive the notice.

2. **Automobiles § 3— suspension of driver's license — hearing before suspension — trials for speeding — opportunity for further hearing — notice**

    Defendant was afforded a meaningful hearing before the suspension of her driver's license for two offenses of speeding in excess of 55 mph when she was charged and convicted of the speeding offenses; if further hearing was required to satisfy due process requirements, G.S. 20-16(d) met those requirements by affording defendant an opportunity for such a hearing, and mailing of notice to defendant's address as shown on the records of the Department of Motor Vehicles satisfied due process requirements with respect to notice of an opportunity for a hearing.

    Judge MARTIN dissenting.

APPEAL by defendant from *Albright, Judge.* Judgment entered 6 March 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 September 1975.

This is a criminal action wherein the defendant, Katherine Marie Atwood was charged with unlawfully and willfully operating a motor vehicle on a public street or public highway while her license had been suspended, a misdemeanor under G.S. 20-28. She pleaded not guilty.

At trial the State offered evidence to show that in the early morning on 19 October 1974 Trooper J. G. George observed the defendant get into her car and drive off on University Parkway, a public highway. After running a check and finding that the defendant's driver's license had been suspended, Trooper George stopped the defendant at approximately 4:00 a.m. and issued her a citation. The State introduced portions of the defendant's driver's license record showing the suspension and dates thereof. The State offered further evidence to show that pursuant to G.S. 20-48, the Department of Motor Vehicles had mailed on 23 September 1974 to the address shown on their records, a notice to the defendant entitled "Official Notice and Record of Suspension of Driving Privilege." The notice informed the defendant that effective 3 October 1974 her license would be suspended for two (2) offenses of speeding in excess of 55 miles per hour, pursuant to G.S. 20-16(a)(9). The notice further provided that the suspension would be for two months, but that should the defendant desire, she could request a hearing (G.S. 20-16(d)) and one would be provided within twenty (20) days of the receipt of the request. At the close of the State's case, the defendant's motion for judgment as of nonsuit was denied.

Through the testimony of the defendant, the evidence showed that she had in fact been convicted twice of speeding in excess of 55 miles per hour. She testified that the address to which the notice was mailed was the address she had at the time her license had been issued, but that she had since moved. She further testified that she had never received the notice, but that she first learned of the suspension when she was stopped by Trooper George. The defendant also offered into evidence a certified copy of a "North Carolina Department of Motor Vehicles Driver's License Record Check for Enforcement Agencies" for Katharine Atwood, which showed a notation entered 2 October 1974 indicating that the notice of suspension mailed to defendant had been "unclaimed."

After a trial before a jury, the defendant was found guilty. She was sentenced to thirty (30) days imprisonment suspended

for two years on payment of a fine of $200.00 and costs. From the judgment entered, defendant appealed.

*Attorney General Edmisten by Associate Attorney James Wallace, Jr., for the State.*

*Stephens and Peed by Herman L. Stephens for defendant appellant.*

HEDRICK, Judge.

[1]  A valid conviction under G.S. 20-28(a) for driving while one's license is suspended requires proof of three (3) elements. The State must prove that the defendant (1) operated a motor vehicle, (2) on a public highway, (3) while her driver's license was suspended. *State v. Cook,* 272 N.C. 728, 731, 158 S.E. 2d 820, 822 (1968) ; *State v. Newborn,* 11 N.C. App. 292, 181 S.E. 2d 214 (1971). It is to the sufficiency of the proof of the suspension that the defendant focuses her arguments. The defendant contends that for the jury to find there was a valid suspension, the State must show that the defendant had an opportunity for a hearing before the effective date of the suspension and that the defendant had actual notice of the impending suspension and of the right to a hearing. It is the defendant's contention that minimum due process requires as much, and submits as error the court's refusal to dismiss the case for lack of proof of these elements by the State.

The defendant also assigns as error the court's instructions to the jury that a suspension is effective when the Department of Motor Vehicles deposits the notice in the United States mail at least four days prior to the effective date of the suspension in an envelope with postage prepaid addressed to the defendant at her address as shown by the records of the Department of Motor Vehicles. The defendant argues that the court should have instructed the jury that a prior hearing and actual notice of the suspension and right to a prior hearing were necessary for the suspension to be valid. In our opinion, defendant's assignments of error are without merit.

G.S. 20-48 in pertinent part provides that:

". . . notice [of suspension] shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at

his address as shown by the records of the Department [of Motor Vehicles]. The giving of notice by mail is complete upon the expiration of four days after such deposit of such notice."

G.S. 20-16(d) in pertinent part provides that:

"Upon suspending the license of any person as hereinbefore in this section authorized, the Department shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing, unless a preliminary hearing was held before his license was suspended, as early as practical within not to exceed 20 days after receipt of such request. . . ."

G.S. 20-25 provides, in pertinent part, that:

"Any person . . . whose license has been . . . suspended . . . except where each cancellation is mandatory under the provisions of the Article, shall have a right to file a petition within 30 days thereafter for a hearing in the matter in the superior court. . . ."

In *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838 (1970), *cert. denied* 277 N.C. 459, 177 S.E. 2d 900 (1970), Chief Judge Mallard, speaking for this court at page 486, said:

"We hold that G.S. 20-48, which is the statute providing for the manner in which notice is to be given, is reasonably calculated to assure that notice will reach the intended party and afford him the opportunity of resisting or avoiding the proposed suspension, as well as to give him notification of the actual suspension of his operator's license and driving privilege."

Judge Mallard also said at page 487:

" . . . that the provisions of G.S. 20-48, together with the provisions of G.S. 20-16(d), relating to the right of review, and the provisions of G.S. 20-25, relating to the right of appeal, satisfy the requirements of procedural due process. . . ."

The defendant contends that the foregoing holding in *Teasley* has been abrogated by the holding of the United States Supreme Court in *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90 (1971), decided subsequent to our decision in *Teasley*. We do not agree.

The facts in *Bell* indicate that under Georgia's motor vehicle safety responsibility statute, an uninsured motorist, if involved in an accident, is required to post security or be subject to having his operator's license suspended. The petitioner was involved in an accident and did not post security, but at an administrative hearing prior to suspension, the petitioner offered to show that he was not liable for the accident. Such evidence was refused as being irrelevant to the issue of compliance with the statute. The decision of the administrative hearing was upheld in the Georgia courts.

The United States Supreme Court granted *certiorari* and ruled that whether the entitlement of a license is denominated a "right" or a "privilege," "[s]uspension of issued licenses . . . involves state action that adjudicates important interests of the licensees. In such cases, the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 23 L.Ed. 2d 349, 89 S.Ct. 1820 (1969) ; *Goldberg v. Kelly,* 397 U.S. 254, 25 L.Ed. 2d 287, 90 S.Ct. 1011 (1970)" *Id.* at 539. In reversing the Georgia courts, the Supreme Court went on to say that the fault or possible liability of the defendant for the accident was an important element of the State's right to suspend the operator's license, and a refusal to hear evidence on that subject was a denial of due process.

As the defendant contends, this was an important case in defining the rights of a license holder, and the holding does require notice and an opportunity to be heard on the issue of liability, but we have examined that case and can find nothing in it concerning the *manner* in which notice must be given. We find nothing in *Bell* which in any way abrogates the holding in *Teasley.*

[2] Addressing ourselves to defendant's contention that *Bell* requires that the defendant be afforded a meaningful hearing *before* the Department of Motor Vehicles would have the authority to suspend the driving privileges of one holding a valid operator's license, we are of the opinion that in the present case, under North Carolina's statutes, the defendant was afforded such a meaningful hearing. She was actually charged and convicted of the speeding offenses which ultimately resulted in the administrative action of the Department in suspending her license. When the defendant's guilt or innocence in the speeding cases was adjudicated, the question of probable

liability discussed in *Bell* was determined. At that point, a hearing before the Department of Motor Vehicles could have reviewed nothing more than the record of the defendant's speeding convictions. If further hearing is required to satisfy the due process requirements of the Fourteenth Amendment, we are of the opinion that G.S. 20-16(d) meets these requirements by affording the defendant an opportunity for such a hearing. *State v. Teasley, supra,* makes it clear that giving notice to the defendant as provided in G.S. 20-48 satisfies the requirements of due process with respect to the notice of an opportunity for a hearing as well as of the suspension itself.

We hold the defendant had a fair trial, free from prejudicial error.

No error.

Judge BRITT concurs.

Judge MARTIN dissents.

Judge MARTIN dissenting:

The minimum requirements of procedural due process with respect to notice and hearing were not met in the present case. The U. S. Supreme Court has often dealt with the question of what constitutes "the right to be heard" within the meaning of procedural due process. In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1949), the Court said that the ". . . right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." In the context of this case, the question is whether the suspension of defendant's driver's license without reasonable notice and without a prior hearing violates procedural due process.

This Court held in *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838 (1970), cert. denied 277 N.C. 459, 177 S.E. 2d 900 (1970), that G.S. 20-48 was reasonably calculated to assume that notice will reach the intended party and afford him the opportunity of resisting or avoiding the proposed suspension. The Court further said that "[w]hen the Department complied with the procedure set forth in the statute as to notice of suspension of the operator's license and driving privilege, such

*State v. Atwood*

compliance constituted constructive notice to defendant that his license had been suspended."

However, in *Carson v. Godwin,* 269 N.C. 744, 153 S.E. 2d 473 (1967), our Supreme Court expressed dissatisfaction with the use of regular mail as a means of notification of Departmental actions with reference to driver's licenses. The Court did not mention G.S. 20-48, nor decide whether notification by regular mail would be considered sufficient compliance with the requirements of due process. The Court noted that:

> "[a]n open letter to a former address may or may not be delivered, especially if there is a change of address. If the mails are to be employed for the transmission of notice, it would seem that a registered letter or a return receipt showing delivery would be a more complete compliance with the requirements of notice—essential of due process."

In *State v. Hughes,* 6 N.C. App. 287, 170 S.E. 2d 78 (1969), (a case decided before *Teasley),* this Court said:

> ". . . G.S. 20-20 provides that whenever any vehicle operator's license is suspended under the terms of Chapter 20, 'the licensee shall surrender to the Department all vehicle operator's licenses and duplicates thereof issued to him by the Department which are in his possession.' It is difficult to see how the licensee could be called upon to surrender his license because it had been suspended unless he is given notice of the suspension. Further, G.S. 20-25 provides that any person whose license has been suspended shall have a right to file a petition within 30 days thereafter for a hearing on the matter in the superior court. Again, the right to court review of the Department's action in suspending a license would be futile if the licensee received no notification that the license had been suspended. . . ."

Even in the "light" of the *Teasley* decision, the "constructive" notice to defendant is not sufficient to meet the minimum requirements of procedural due process in this case.

The evidence here indicates that the defendant did not receive the notice and that the Department of Motor Vehicles was on notice of that fact. Had defendant received the mailed notice, she would have had the opportunity of resisting or avoiding the proposed suspension as well as refraining from the commission of a criminal offense and subsequent arrest therefor.

In this case, G.S. 20-48 can hardly be described as a statute reasonably calculated to assure that notice will reach the intended party and afford her the opportunity of resisting or avoiding the proposed suspension as well as to give her notification of the actual suspension of her operator's license and driving privilege. It is my opinion that procedural due process requires as a minimum a manner of notification which will assure that notice will reach the intended party so that he may have the right to be heard.

Defendant's motion for dismissal should have been allowed.