State v. Hayes

---

STATE OF NORTH CAROLINA v. GENE HAYES

No. 7615SC263

(Filed 6 October 1976)

1. Automobiles § 3— driving while license revoked — displaying license known to be revoked

The State's evidence was sufficient for the jury on issues of defendant's guilt of driving while his license was revoked and displaying

a license known to be revoked where it tended to show: when a highway patrolman observed defendant driving an automobile and stopped him on 11 March 1974, defendant displayed what appeared to be a valid driver's license; when asked if his license had not been suspended, defendant stated that he had gone to Raleigh and gotten it back; defendant's license had actually been suspended from 20 September 1973 until 20 September 1974; notices of suspension had been mailed to defendant on three separate dates; a "pick-up notice" was served on defendant by an officer on 15 October 1973 but defendant told the officer he did not have his license because he had lost it; and the officer gave defendant a copy of the notice of suspension which explained why his license had been suspended.

2. **Automobiles § 3— notice of license revocation — due process**

The manner of giving one notice of the revocation or suspension of his driver's license provided by G.S. 20-48 complies with procedural due process.

APPEAL by defendant from *Walker, Judge*. Judgment entered 20 November 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 18 June 1976.

The defendant, Gene Hayes, was charged in a warrant, proper in form, with operating a motor vehicle on a public street or highway while his operator's license was revoked, a violation of G.S. 20-28(a), and with displaying an operator's license known to be revoked, a violation of G.S. 20-30(1). He was arraigned and pleaded not guilty to each charge but was found guilty by the jury. From a consolidated judgment that he be imprisoned for four months, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

*Hunt and Abernathy by George E. Hunt for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motion for judgment as of nonsuit as to both charges. The State offered evidence tending to show the following:

On 11 March 1974 Trooper Nelson Gunn observed the defendant driving along North Carolina Highway 49. Having been informed earlier that defendant's license was revoked, he stopped defendant on Rural Road 1922 and asked to see his driver's license. Defendant produced what appeared to be a

State v. Hayes

valid license. When asked if his license had not been suspended, the defendant said no, that he had gone to Raleigh and gotten it back. Trooper Gunn let the defendant proceed. After checking further, however, he arrested defendant on 13 March 1974 for driving while his license was revoked and for displaying a license known to be revoked.

The defendant's Driver's License Record with the Division of Motor Vehicles, which was introduced into evidence, and the testimony of Patrolman Frank Barnhart, together tended to show that defendant's license was revoked for one year, 20 September 1973 to 20 September 1974; that notices of suspension and revocation had been mailed to defendant on 12 July 1973, 5 September 1973, and 9 October 1973 in accordance with G.S. 20-48; and that a "pick-up notice" was served on defendant by Barnhart on 15 October 1973 but that defendant had told him then that he did not have his license because he had lost it. Officer Barnhart gave him a copy of the notice of revocation on 15 October which explained why his license was revoked.

The defendant offered no evidence on his behalf.

When this evidence is considered in the light most favorable to the State, it is sufficient to require submission of both cases to the jury and to support the verdicts. This assignment of error is not sustained.

[2] Based on an exception to the charge duly noted in the record, the defendant contends, "The trial court erred in its instruction regarding the manner of notice required to convict the defendant of operating a vehicle with license revoked . . ." In his brief, citing Judge Martin's dissent in State v. Atwood, 27 N.C. App. 445, 219 S.E. 2d 521 (1975), rev'd on other grounds, 290 N.C. 266, 225 S.E. 2d 543 (1976), the defendant argues that G.S. 20-48 does not provide one with procedural due process with respect to the notice that one's driving privileges have been revoked or suspended. The instruction challenged by this exception is in accord with State v. Teasley, 9 N.C. App. 477, 176 S.E. 2d 838 (1970), cert. denied, 277 N.C. 459, 177 S.E. 2d 900 (1970), wherein this court held that G.S. 20-48 does provide constitutional procedural due process. In State v. Atwood, 290 N.C. 266, 225 S.E. 2d 543 (1976), the Supreme Court reversed the decision of the Court of Appeals, but it did not overrule this court's decision in State v. Teasley,

*supra.* Thus Teasley still stands for the proposition that G.S. 20-48 does afford the defendant procedural due process with respect to the manner of giving one notice of the revocation or suspension of his or her driving privileges.

In discussing the impact of *State v. Atwood, supra,* on the administration of criminal justice in this State, Judge Clark, writing for the Court of Appeals in *State v. Chester,* 30 N.C. App. 224, 227-228, 226 S.E. 2d 524, 526-527 (1976), stated:

> "We conclude that in a prosecution for violation of G.S. 20-28(a) and the evidence for the State discloses that the Department complied with the notice requirements of G.S. 20-48: (1) where there is *no* evidence that defendant did not receive the notice mailed by the Department, it is not necessary for the trial court to charge on guilty knowledge; (2) where there is some evidence of failure of defendant to receive the notice or some other evidence sufficient to raise the issue, then the trial court must, in order to comply with G.S. 1-180 and apply the law to the evidence, instruct the jury that guilty knowledge by the defendant is necessary to convict; and (3) where *all* the evidence indicates that defendant had no knowledge of the suspension or revocation of license, a nonsuit should be granted."

In the present case, there was no evidence that the defendant did not receive notice that his driving privileges had been revoked. Indeed all of the evidence tends to show that he did receive the notice by mail pursuant to G.S. 20-48. In addition Officer Barnhart testified that he served a copy of the notice of revocation on defendant personally on 15 October 1973. We find this assignment of error to be without merit.

The defendant has other assignments of error which we have carefully considered and find to be without merit. We find that the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.