STATE OF NORTH CAROLINA v. ROBERT LEON FINGER A/K/A ROBERT H. FINGER A/K/A ROBERT LEO FINGER

No. 8421SC261

(Filed 5 February 1985)

1. Automobiles § 3.3— driving while license revoked—evidence of prior charges and convictions admissible

   In a prosecution of defendant for driving while his license was revoked, the trial court did not err in allowing testimony regarding prior charges, convictions and court proceedings relating to defendant since the evidence showed that defendant had several driving violations of which he was aware but which he falsely represented when he obtained a license; the evidence was thus admissible to show intention; it also showed the law enforcement officer's personal knowledge of defendant's license status and therefore the reason the officer stopped defendant; and the evidence was relevant on the issue of identity.

2. Automobiles § 3.1— driving while license revoked—sufficiency of notice of revocation

   In a prosecution of defendant for driving while his license was revoked, evidence of a letter from the Division of Motor Vehicles to defendant stating that his license was revoked for four years beginning on 25 June 1978 was insufficient notice to defendant that his license was revoked on 10 June 1983, the date of his arrest for driving while his license was revoked; however, a judgment dated 15 September 1980 entered in defendant's presence upon his conviction for driving under the influence and ordering him not to drive for three years was sufficient notice to defendant of revocation of his license.

APPEAL by defendant from *Washington, Judge.* Judgments entered 27 October 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 December 1984.

*Attorney General Rufus Edmisten, by Associate Attorney General Michael Smith, for the State.*

*Sapp and Mast, by David P. Mast, Jr., for defendant appellant.*

BECTON, Judge.

The defendant, Robert Leon Finger, was convicted of driving while his license was revoked, displaying a fictitious driver's license, and making a false affidavit to obtain a driver's license. From judgments imposing an 18-month active sentence on the driving while license revoked charge, and a two-year suspended sentence on the other two misdemeanor charges which had been consolidated for judgment, the defendant appeals. Defendant has made numerous assignments of error concerning, *inter alia*, the admission of evidence, the sufficiency of the evidence, erroneous instructions on the law, the expressions of opinion by the trial court, and the imposition of a sentence which is in excess of the statutory maximum. We find no error in the driving while license revoked charge, but we reverse defendant's conviction of making a false affidavit to obtain a driver's license.

I

[1]  Defendant first argues that the trial court erred in allowing testimony of law enforcement officers, court officials, and one of his former attorneys regarding prior charges, convictions, and court proceedings relating to the defendant. The defendant directs our attention first to the general rule that "in a prosecution for a particular crime the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense." *State v. Spillars*, 280 N.C. 341, 352, 185 S.E. 2d 881, 888 (1972). Defendant argues that the rule is particularly applicable in this case in which the State, in its case in chief, put on evidence of defendant's prior charges and convictions. Defendant also cites *State v. Thomas*, 17 N.C. App. 8, 193 S.E. 2d 450 (1972), in which the general rule is applied to the specific facts of a driving while license suspended case. In *Thomas*, we said:

> It violated the rule that evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. While the fact that the defendant's driver's license was in a state of suspension was competent as evidence in the case, the reasons for the suspension were incompetent and their admission into evidence amounted to prejudicial error. The fact that the defendant may have been

convicted of reckless driving on another occasion while his driver's license was suspended and for driving while his driver's license was suspended does not come within any of the exceptions to the general rule excluding evidence of the commission of other offenses as set out in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Moreover, we are of the opinion that the fact that defendant was later properly cross-examined concerning his prior convictions for the purpose of impeaching his credibility did not cure the error. If we were to hold otherwise, it would amount to a condonation of a practice which the rules of evidence forbid.

17 N.C. App. at 10-11, 193 S.E. 2d at 452.

With the general rule we have no quarrel. The facts of this case present an exception to the general rule, and this case is distinguishable from *State v. Thomas*. To sustain its burden of proof on two of the charges involving fraudulent conduct, the State had to show not only the defendant's acts, but also his intentions. That is, the State had to prove that the defendant possessed and displayed a driver's license that he knew was fictitious, N.C. Gen. Stat. Sec. 20-30(1) (1983), and that he made a false statement in applying for a driving license, N.C. Gen. Stat. Sec. 20-30(5) (1983).

In this case, State Highway Patrolman Hall testified that he stopped defendant, who was driving a 1973 Buick, on 10 June 1983 because he knew that defendant's license was permanently revoked. Division of Motor Vehicles Officer Gwyn testified that defendant applied for a North Carolina driver's license on 27 May 1982 and presented a North Carolina birth certificate. In response to the questions on the application, defendant informed Gwyn that he had not had a ticket in North Carolina, that his license had never been suspended, and that he had never suffered from drug or alcohol problems. Defendant's birth certificate showed his proper name as Robert H. Finger. Defendant signed the application "Robert H. Finger" and a driver's license was issued to Robert H. Finger on 27 May 1982.

On these facts, it was essential for the State to show (1) the officer's and defendant's knowledge of defendant's prior driving record, (2) the defendant's conduct in obtaining his license in May 1982, and (3) the defendant's conduct during his arrest in June

1983, as those factors bore on the defendant's intentions and acts. We find the evidence objected to admissible for reasons other than character. It showed that defendant had several driving violations of which he was aware, but which he falsely represented when he obtained a license in May 1982. It showed the law enforcement officers' personal knowledge of defendant's license status. Further, the evidence was relevant on the issue of identity. The evidence objected to comes within the exceptions set out in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

## II

Having held the evidence objected to in section I admissible, we summarily reject defendant's second argument that the trial court erred by admitting into evidence State's Exhibits 4 through 8 which were court files relating to defendant's prior convictions.

## III

Defendant styles his third argument as follows:

The trial court committed reversible error in the 'driving while license revoked' case, in denying defendant's motion to dismiss on the ground of insufficient evidence, and in particular for the failure to introduce any evidence showing notice to defendant of revocation of his license, at the conclusion of the State's evidence and again at the conclusion of all the evidence.

We do not agree with defendant. Our analysis follows.

[2] A defendant must have actual or constructive knowledge of the revocation of his license before there can be a conviction under N.C. Gen. Stat. Sec. 20-28(a) (1983). Our Supreme Court recently said:

We have previously held that a conviction under G.S. 20-28(a) requires that the State prove beyond a reasonable doubt (1) the operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked.

However, we believe that the legislature also intended that there be actual or constructive knowledge of the suspension or revocation in order for there to be a conviction under this statute.

*State v. Atwood*, 290 N.C. 266, 271, 225 S.E. 2d 543, 545 (1976).

N.C. Gen. Stat. Sec. 20-48(a) (1983) addresses specifically the constructive notice issue:

> Whenever the Division is authorized or required to give any notice under this Chapter or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the Division. The giving of notice by mail is complete upon the expiration of four days after such deposit of such notice. Proof of the giving of notice in either such manner may be made by the certificate of any officer or employee of the Division or affidavit of any person over 18 years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof.

The notice requirements of G.S. Sec. 20-48 have been applied by our Court in *State v. Chester*, 30 N.C. App. 224, 226 S.E. 2d 524 (1976) and *State v. Hayes*, 31 N.C. App. 121, 228 S.E. 2d 460 (1976).

At no time before the close of all the evidence in this case did the State introduce any evidence that a letter was sent to the defendant giving notice of revocation as provided in G.S. Sec. 20-48 (1983). State's Exhibit 11a, a certified Division of Motor Vehicles license check on Fred Robert Leo Finger had been admitted in evidence before the close of all the evidence. It is true that, after the close of all the evidence and following the renewed argument of the defendant for dismissal, the trial court asked the district attorney if he wanted to offer the remaining three pages of State's Exhibit 11 into evidence. The district attorney indicated that he did. The court ordered the remaining portions of State's Exhibit 11 admitted in evidence and, for convenience, we have labeled those portions State's Exhibits 11b, 11c, and 11d. State's Exhibit 11b is a letter to Fred R. Finger from the Division of Motor Vehicles entitled "Official Notice and Record of Revocation of Driving Privilege." The first paragraph of that letter reads: "Effective 12:01 a.m. June 25, 1978, your North Carolina driving privilege is revoked four (4) years for a second conviction

of driving under the influence of intoxicating liquor or drugs — G.S. 20-17(2) and 20-19(d)."

Without regard to the court's efforts in assisting the State in this case, we still find this evidence insufficient to show that defendant had constructive notice that his license was revoked on 10 June 1983, the date of his arrest for the offenses charged herein. The most State's Exhibit 11b shows is that the State forwarded a letter to Fred R. Finger advising him that his driving privilege had been revoked for four years effective 25 June 1978 to 25 June 1982, which ending date was almost a year prior to the time the defendant was charged with driving while his license was revoked in the case at bar.

Realizing the shortcomings of this letter, the State, in its brief, attempts to shore up its argument by asserting that State's Exhibit 11a, the certified Division of Motor Vehicles license check on Fred Robert Leo Finger, is admissible to prove revocation. The State relies on *State v. Herald*, 10 N.C. App. 263, 178 S.E. 2d 120 (1970). Although *Herald* stands for the proposition that a properly certified copy of the driver's license record of the defendant on file with the Department of Motor Vehicles is admissible as evidence that defendant's license was in a state of revocation for a period covering the date of the offense for which he was charged, it does not satisfy the notice requirements of G.S. Sec. 20-48 (1983). Although State's Exhibit 11a indicates that Fred Robert Leo Finger's driver's license was permanently revoked for "driving under the influence three or more — G.S. 20-17-2 and 20-19(e)," it, significantly, was a record maintained by the Division of Motor Vehicles. It was not sent to the defendant, Fred R. Finger.

The State also argues that a judgment dated 15 September 1980 entered in defendant's presence, ordering him not to drive for three years, is sufficient notice of revocation. We agree. The underlying charge that caused the Division of Motor Vehicles (DMV) mandatorily to revoke defendant's driver's license was defendant's 15 September 1980 driving while under the influence conviction under N.C. Gen. Stat. Sec. 20-138 (1978). Mandatory revocation of defendant's operator's license under G.S. Sec. 20-17(2) (1978) for driving while under the influence is the performance of a ministerial duty. *Fox v. Comm'r of Motor Vehicles*,

241 N.C. 31, 84 S.E. 2d 259 (1954). And, as we said in *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838, *cert. denied and appeal dismissed*, 277 N.C. 459, 177 S.E. 2d 900 (1970), construing the provisions of N.C. Gen. Stat. Sec. 20-24, the surrendering of defendant's license to the trial court, and the forwarding of it to the DMV, gave defendant sufficient notice that his driver's license had been revoked.

IV

We summarily reject defendant's next argument that the Court erred by admitting in evidence State's Exhibits 11b-11d after all parties had rested.

As indicated in section III, *supra*, State's Exhibit 11b was not relevant to any issue tried since, under it, the period of revocation expired almost a year prior to the time defendant was charged with driving after revocation. We have examined State's Exhibits 11c and 11d and likewise find them to be irrelevant.

V

We summarily reject defendant's next two arguments regarding (1) a requested instruction different from that given, which was in accordance with North Carolina Criminal Pattern Jury Instruction 271.10, and (2) the trial court's failure sufficiently to instruct the jury on its duty to apply the law to the evidence especially relating to defendant's contention that he never received any notice of revocation.

VI

Since the license issued to defendant in May 1982 was issued in his proper name, as evidenced by his birth certificate, defendant next argues that his license could not, therefore, be deemed "a fictitious license," and that the trial court erred in denying his motion to dismiss the fictitious license charge under G.S. Sec. 20-30(1) (1983). We summarily reject this insufficiency of the evidence argument, since, construing the provisions of G.S. Sec. 20-30(1) and (5) (1983) together, proof that the defendant possessed or displayed a license obtained by fraud and deceit is sufficient under G.S. Sec. 20-30(1) (1983).

## VII

Defendant styles his next assignment of error as follows:

The trial court committed reversible error in the 'perjury' (changed to 'making false affidavit to obtain driving license') case in denying the defendant's motion for dismissal on the ground of insufficient evidence at the close of the State's evidence and again at the close of all evidence, there being no sworn statement in evidence.

Defendant was originally charged under N.C. Gen. Stat. Sec. 20-31 (1983), which states, in relevant part, that "[a]ny person who shall make any false affidavit, or shall knowingly swear or affirm falsely, to any matter or thing required by the terms of this Article to be sworn to or affirmed shall be guilty of perjury . . . ." At the close of all the evidence, the trial court allowed the defendant's motion to dismiss the charge of "perjury," but submitted to the jury the issue whether defendant was guilty of the lesser included offense, G.S. Sec. 20-30(5) (1983), which reads as follows:

It shall be unlawful for any person to commit any of the following acts:

. . .

(5) to use a false or fictitious name or give a false or fictitious address in any application for a driver's license or learner's permit, or any renewal or duplicate thereof, or knowingly to make a false statement or knowingly conceal a material fact or otherwise commit a fraud in any such application . . . .

We agree with defendant that the offense described in G.S. Sec. 20-30(5) (1983) is not a lesser included offense of G.S. Sec. 20-31 (1983) dealing with perjury. Moreover, the perjury indictment does not contain all of the elements required under G.S. Sec. 20-30(5) (1983). Defendant may be guilty of a G.S. Sec. 20-30(5) violation, but he was not charged with that. G.S. Sec. 20-30(5) (1983) is not a lesser included offense of G.S. Sec. 20-31 (1983), and defendant's conviction on this charge is, therefore, reversed.

## VIII

We summarily reject defendant's two remaining substantive assignments of error in which he asserts that the trial court expressed an opinion on the facts and failed to set aside the verdict.

## IX

Finally, it is not necessary to address defendant's one procedural assignment of error dealing with the imposition of a suspended sentence of two years on the making a false affidavit to obtain a driver's license charge, since we have already concluded that it was not a lesser included offense of the perjury charge and should not have, therefore, been submitted to the jury.

## X

To summarize, in defendant's driving while license revoked case, and in defendant's displaying a fictitious driver's license case, we find

No error.

However, defendant's conviction of making a false affidavit to obtain a driver's license is

Reversed.

Judges JOHNSON and BRASWELL concur.

Judge BRASWELL concurred prior to 31 December 1984.