## STATE v. CHARLES HENRY BRILEY.

### (Filed 20 March 1963.)

APPEAL by defendant from *Morris, J.,* October-November 1962 Criminal Term of WILSON.

Criminal prosecution on warrant charging that defendant, on Saturday, May 5, 1962, at 9:05 p.m., in Wilson County, unlawfully and wilfully operated a motor vehicle upon the public highway after his operator's license had been permanently revoked. Upon trial *de novo* in the superior court on appeal by defendant from conviction and judgment in the General County Court of Wilson County, the jury returned a verdict of guilty, and judgment imposing a prison sentence of one year was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorneys General Barham and Bullock for the State.*

*Robert A. Farris and Allen G. Thomas for defendant appellant.*

PER CURIAM. The State offered evidence tending to show that defendant was operating a motor vehicle on a public highway in Wilson County (U. S. Highway 264) shortly after 9:00 p.m. on Saturday, May 5, 1962.

The State offered in evidence a certified copy of the official record (Form DL 49) of the North Carolina Department of Motor Vehicles, Drivers License Division, of defendant's convictions for violations of the motor vehicle laws and of the Department's actions on account thereof. According to this record, defendant's operator's license was permanently revoked on March 12, 1957. Defendant objected "to the portion that is not germane to this inquiry" and excepted to the admission of said record over his said objection. Nothing appears in the record indicating defendant designated what portion(s) of said record he considered "not germane to this inquiry." Hence, for reasons stated in *S. v. Corl,* 250 N.C. 252, 108 S.E. 2d 608, the assignment of error based on said exception is overruled. It is noteworthy that the more serious violations shown on said record constitute the grounds for said permanent revocation on March 12, 1957, to wit, three convictions for operating a motor vehicle on a public highway while under the influence of intoxicating liquor.

Each of defendant's remaining assignments of error has received careful consideration. Particular discussion thereof is deemed unnecessary. They do not disclose prejudicial error and are overruled.

No error.