STATE OF NORTH CAROLINA v. JAMES ISAAC HERALD

No. 7025SC658

(Filed 30 December 1970)

1. Automobiles § 3— notice of license suspension — sufficiency of certification

Certification by an employee of the Department of Motor Vehicles that the original of an order of security requirement or suspension of driving privilege was mailed to defendant on a specified date at his address shown on the records of the Department of Motor Vehicles was sufficient to render admissible a copy of the document in a prosecution of defendant for driving while his license was suspended. G.S. 8-35; G.S. 20-48.

2. Automobiles § 3— driving while license suspended — admissibility of certified driving record

In this prosecution of defendant for driving while his license was suspended, a properly certified copy of the driver's license record of defendant on file with the Department of Motor Vehicles was admissible as evidence that defendant's license was in a state of revocation for a period covering the date of the offense for which he was charged.

3. Automobiles § 3— admission of entire driving record — failure to request limitation of contents

Where defendant failed to request that the contents of his certified driving record be limited to the portions thereof relating to the status of his license on the day he was charged with driving while his license was revoked, he may not now complain that the record indicates that he had been involved in a total of nine accidents.

APPEAL by defendant from *McLean, Superior Court Judge,* 17 August 1970 Session of CALDWELL Superior Court.

Defendant was tried and convicted for violating G.S. 20-28 by driving a motor vehicle on 27 July 1969 while his license had been suspended. From judgment imposing a twelve month jail sentence which was suspended upon certain conditions defendant appealed.

*Attorney General Morgan by Assistant Attorney General Banks for the State.*

*Ted S. Douglas for defendant appellant.*

GRAHAM, Judge.

Defendant failed to file his brief in this court within the time prescribed by Rule 28, Rules of Practice in the North Carolina Court of Appeals, and the Attorney General has moved that

his appeal be dismissed. We have elected, however, to review the case on its merits.

Defendant's main contention is that the court erred in allowing State's Exhibits 1 and 2 in evidence over his objection.

[1]  Exhibit 1 is a copy of an official order of security requirement or suspension of driving privilege, dated 27 June 1969, and signed by Joe W. Garrett, Commissioner of Motor Vehicles. The document is sufficient to notify defendant that (1) he became subject to G.S. 20-279.5, by failing to show that he had automobile liability insurance in effect at the time of a motor vehicle accident on 7 May 1969; (2) that his driving privileges had been ordered suspended, effective 12 July 1969, if security in the amount of $1,800 was not deposited with the Department of Motor Vehicles by that date; (3) he was directed to mail to the Department, in an envelope provided, all North Carolina driver's license issued to him; (4) various enumerated methods were available to him for clearing the order.

Attached to Exhibit 1 is a certificate, sworn to and signed by an employee of the Department of Motor Vehicles, certifying that the original of the document was mailed to defendant on 27 June 1969 at his address shown on the records of the Department. This certificate provides *prima facie* evidence that it is genuine, that the statements contained therein are true and that the employee signing it was an official employee of the Department of Motor Vehicles. G.S. 8-35. It meets all the requirements of G.S. 20-48 wherein it is provided "[p]roof of the giving of notice . . . [by personal delivery or by mail] may be made by the certificate of any officer or employee of the Department or affidavit of any person over twenty-one years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof." The certificate is in the exact form of the certificate approved by this court in the recent case of *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838 *(cert. denied,* 16 December 1970). We therefore hold that State's Exhibit 1 was clearly admissible in evidence.

[2]  State's Exhibit 2 is a Driver's License Record Check for Enforcement Agencies. The search date is indicated as 28 November 1969. This Exhibit reflects that defendant's driving privileges were indefinitely suspended, effective 12 July 1969, and that no reinstatement had been made between that date and 28 November 1969. This Exhibit contains a certificate signed by

Edward H. Wade, Director of Driver License Division of the Department of Motor Vehicles, wherein it is certified "THAT THE FOREGOING IS A TRUE COPY OF THE DRIVER'S LICENSE RECORD OF THE WITHIN NAMED PERSON ON FILE WITH THE N. C. DEPARTMENT OF MOTOR VEHICLES." This properly certified exhibit was clearly admissible as evidence that defendant's license was in a state of revocation for a period covering the date of the offense for which he was charged. *State v. Corl,* 250 N.C. 252, 108 S.E. 2d 608.

[3] Defendant complains that Exhibit 2 indicates that he had been involved in a total of nine accidents, and that since he did not go upon the stand and testify or otherwise place his character in issue, this evidence was prejudicial and should not have been admitted against him. The record fails to show that defendant made any request that the contents of his certified driving record be limited to the portion or portions thereof relating to the status of his license on the day he was charged with the offense for which he was being tried. Therefore, he may not now complain that the Exhibit was admitted in evidence in its entirety. *State v. Briley,* 259 N.C. 137, 129 S.E. 2d 892; *State v. Corl, supra; State v. Teasley, supra.*

Defendant has brought forward other assignments of error which have been reviewed and found to be without merit. In our opinion defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge PARKER concur.