STATE OF NORTH CAROLINA v. ALBERT FINLEY CHESTER

No. 7625SC141

(Filed 21 July 1976)

**1. Automobiles § 3— driving while license suspended — knowledge that license revoked — burden of proof**

While a specific intent is not an element of the offense of operating a motor vehicle on a public highway while one's license is sus-

pended or revoked, the burden is on the State to prove that defendant had knowledge at the time charged that his operator's license was suspended or revoked; the State satisfies this burden when, nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 because of the presumption that he received notice and had such knowledge. However, when there is some evidence to rebut this presumption, the issue of guilty knowledge is raised and must be determined by the jury under appropriate instruction from the trial court.

**2. Automobiles § 3— driving while license suspended — notice to defendant — proper jury instructions**

In a prosecution for violation of G.S. 20-28(a) where the evidence discloses that the Department of Motor Vehicles complied with the notice requirements of G.S. 20-48: (1) where there is *no* evidence that defendant did not receive the notice mailed by the Department, it is not necessary for the trial court to charge on guilty knowledge; (2) where there is some evidence of failure of defendant to receive the notice or some other evidence sufficient to raise the issue, then the trial court must, in order to comply with G.S. 1-180 and apply the law to the evidence, instruct the jury that guilty knowledge by the defendant is necessary to convict; and (3) where *all* the evidence indicates that defendant had no notice or knowledge of the suspension or revocation of license, a nonsuit should be granted.

**3. Automobiles § 3— driving while license suspended — knowledge of defendant — improper jury instruction**

In a prosecution of defendant for driving while his license was suspended where defendant offered evidence that he did not receive notice and had no knowledge that his license had been suspended, and the trial court did not charge the jury that it could find defendant guilty only if he knew of the license suspension, defendant is entitled to a new trial.

APPEAL by defendant from *Baley, Judge*. Judgment entered 29 October 1975, Superior Court, CALDWELL County. Heard in the Court of Appeals 25 May 1976.

Defendant was charged with operating a motor vehicle on a public highway while his chauffeur license was suspended.

Evidence for the State tends to show that on 20 May 1975 defendant's car was stopped by Trooper Owens because of a defective rear light. Defendant surrendered his operator's license and registration card. Trooper Owens wrote to the Department of Motor Vehicles and received a certified copy of defendant's driving record, which indicated that as of 29 March 1975 defendant's license was in a state of suspension. A letter from the Department entitled "Order of Security Requirement or Suspension" was also introduced in evidence which was signed

by a Department employee who verified that the letter was deposited in the United States Mail, postage prepaid to defendant's address as it appeared on the records of the Department on the date of mailing.

Defendant offered evidence tending to show that he did not receive the letter, had moved to Tennessee where he turned in his North Carolina license, and received a Tennessee license. Defendant was found guilty and appealed from the judgment.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Special Deputy Attorney General William W. Melvin for the State.*

*L. H. Wall for defendant appellant.*

CLARK, Judge.

In *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838, cert. denied, 277 N.C. 459, 177 S.E. 2d 900 (1970), this Court held that to convict for a violation of G.S. 20-28(a) the State must prove: (1) the operation of a motor vehicle, (2) on a public highway, (3) while one's operator's license is suspended or revoked; and that when the Department complied with the procedure (G.S. 20-48) as to notice of suspension or revocation of operator's license, such compliance constituted constructive notice to the defendant that his license had been suspended or revoked. Judge Mallard, for the Court, wrote: "There is nothing in the statute [G.S. 20-28(a)] which would imply that knowledge or intent is a part of the crime of operating a motor vehicle after one's license has been suspended."

In *State v. Atwood,* filed 17 June 1976, the Supreme Court of North Carolina, in reversing the Court of Appeals (27 N.C. App. 445), held that all the evidence indicated that defendant had no notice or knowledge of the suspension of her operator's license, which removed the criminal character from defendant's conduct, and the trial court should have granted a nonsuit. *State v. Teasley, supra,* was not overruled but was distinguished in that there was no evidence in *Teasley* to rebut the presumption that notice was received upon the mailing, whereas in *Atwood* all the evidence rebutted that presumption.

In the case before us all of the evidence did not rebut the presumption of notice and knowledge, but the defendant offered evidence that he did not receive a notice mailed by the Depart-

State v. Chester

ment because at the time of mailing he had left this State and moved to Tennessee. Thus, defendant's evidence raised the issue of guilty knowledge.

The question of guilty knowledge was raised in *State v. Elliott,* 232 N.C. 377, 61 S.E. 2d 93 (1950), wherein defendant, charged with transporting intoxicating liquor, offered evidence of lack of knowledge of the presence of liquor in his automobile. The court ordered a new trial for failure of the trial court to charge that defendant was guilty only in the event he knew the liquor was in his automobile, and 232 N.C. at 378 stated:

> "A person is presumed to intend the natural consequences of his act. [Citations omitted.] Hence, ordinarily, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. [Citation omitted.] . . . .

> Nothing else appearing, it would not be necessary for the court, in the absence of a prayer, to make reference in its charge to guilty knowledge or intent. *Scienter* is presumed. . . . "

See also *State v. Welch,* 232 N.C. 77, 59 S.E. 2d 199 (1950) ; *State v. Stacy,* 19 N.C. App. 35, 197 S.E. 2d 881 (1973) ; *State v. Gleason,* 24 N.C. App. 732, 212 S.E. 2d 213 (1975).

[1]  While a specific intent is not an element of the offense of operating a motor vehicle on a public highway while one's license is suspended or revoked, the burden is on the State to prove that defendant had knowledge at the time charged that his operator's license was suspended or revoked; the State satisfies this burden when, nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 because of the presumption that he received notice and had such knowledge. When there is some evidence to rebut this presumption, the issue of guilty knowledge is raised and must be determined by the jury under appropriate instruction from the trial court.

[2]  We conclude that in a prosecution for violation of G.S. 20-28(a) where the evidence for the State discloses that the Department complied with the notice requirements of G.S. 20-48: (1) where there is *no* evidence that defendant did not receive the notice mailed by the Department, it is not necessary for the trial court to charge on guilty knowledge; (2) where there is

*some* evidence of failure of defendant to receive the notice or *some* other evidence sufficient to raise the issue, then the trial court must, in order to comply with G.S. 1-180 and apply the law to the evidence, instruct the jury that guilty knowledge by the defendant is necessary to convict; and (3) where *all* the evidence indicates that defendant had no notice or knowledge of the suspension or revocation of license, a nonsuit should be granted.

[3]    Since in the case before us the defendant offered evidence that he did not receive notice and had no knowledge that his license had been suspended and the court did not charge the jury that it could find the defendant guilty only if he knew of the license suspension, we find error, and there must be a

New trial.

Judges VAUGHN and MARTIN concur.