IN THE MATTER OF: MICHAEL LEE TERRY, SR., AND LA VERNE CRABTREE TERRY, FOR THE ADOPTION OF MAGGIE LYNN TERRY

No. 726PA85

(Filed 3 June 1986)

Adoption § 2.1— revocation of consent—sufficiency of letter

A letter mailed by the natural mother of a child to petitioners constituted sufficient notice of revocation of her consent to adoption of the child and was timely made inasmuch as less than three months had elapsed since execution of the consent to adopt and no interlocutory or final order of adoption had been entered. N.C.G.S. § 48-11.

THE respondent in this adoption proceeding, natural mother of Maggie Lynn Terry, petitioned this Court for discretionary review of a unanimous decision of the Court of Appeals, 76 N.C. App. 529, 333 S.E. 2d 526 (1985), reversing an order of the Superior Court, DURHAM County, vacating the Final Order of Adoption. The petition was allowed 7 January 1986. Heard in this Court 13 May 1986.

*Gail T. Donovan and William J. Riley, Attorneys for Petitioner-appellant.*

*Arthur Vann, Attorney for Respondent-appellees.*

BILLINGS, Justice.

The sole question presented is whether the natural mother of Maggie Lynn Terry timely revoked her consent to adoption of the child, thereby withdrawing from the Clerk of Superior Court the authority to enter the Final Order of Adoption on 15 November 1983.

On 13 July 1983, Sandra Kay Kinder Summerall executed a form consenting to the adoption of her daughter, Maggie Lynn Terry, by the petitioners, Michael Lee Terry, Sr. and La Verne Crabtree Terry. Mr. and Mrs. Terry are the parents of Michael Lee Terry, Jr., the putative father of the child, who was living with the child's mother at the time of the child's conception and birth but to whom the child's mother was not married.

Mr. and Mrs. Terry, Sr. filed a petition for adoption of the child with the Clerk of Superior Court of Durham County on 28 July 1983.

Prior to 1 June 1983, N.C.G.S. § 48-11 provided that a consent by a parent to adoption of his or her child could not be revoked after entry of an interlocutory or final decree of adoption or after six months following consent. Effective 1 June 1983, the time period for revoking consent to adoption was shortened to three months. However, according to testimony at the trial of this matter, new forms for consenting to adoption were not made available by the North Carolina Department of Social Services until several months after 1 June 1983, and the Office of the Clerk of Superior Court of Durham County continued to use the old forms. The form provided to the natural mother for her consent to this child's adoption contained the following paragraph immediately preceding the signature line: "I understand the Consent to Adoption can be revoked within the next six months provided the Interlocutory Decree or Final Order of Adoption has not been issued."

A final order of adoption was entered on 15 November 1983. On 14 December 1983 the natural mother filed a motion to set aside the final order of adoption. Upon denial of the motion, the natural mother appealed to the Superior Court. Following a hearing, Judge Farmer entered an order on 31 July 1984 setting aside the final order of adoption on the basis that, as a parent consent-

ing to adoption of her child, the mother could rely upon the advice given to her by the Clerk of Superior Court regarding her rights in the adoption proceeding and that the consenting parent "had 6 months to withdraw or revoke her consent provided the Final Order of Adoption had not been issued." The trial judge further concluded that the consenting parent had revoked her consent on 15 November 1983, prior to entry of the final order.

The Court of Appeals reversed, holding that the incorrect information supplied to the consenting parent by the Clerk of Court did not aid her, for "[o]ne is presumed to know the law and will be held to it." 76 N.C. App. at 531, 333 S.E. 2d at 527. The Court of Appeals held that since the trial judge concluded that consent was revoked on 15 November 1983, more than three months after execution of the consent form, the revocation was not timely.

We do not find it necessary to decide whether a private citizen, misinformed by a judicial official regarding the law applicable to a matter before the official, may rely on that statement of the law if it is contrary to the actual rule of law. Rather, we conclude that the findings of the trial judge establish that the natural mother revoked her consent to adoption within three months of the consent and before entry of the final order of adoption[1] and thus acted within the time limit set by the law in effect at the time.

In his order of 31 July 1984, Judge Farmer made the following findings of fact which are fully supported by the evidence and are not contested on this appeal:

(8) The consenting parent, Sandra K. Kinder [Summerall], mailed a Notice on August 14, 1983 to Ms. La Verne Terry, 319 W. Gear St., Durham, N.C., one of the petitioners stating that she was withdrawing her consent but said Notice was not filed with the Clerk of Superior Court.

(9) On the morning of November 15, 1983 the consenting parent, Sandra K. Kinder [Summerall], came to the office of the Clerk of Superior Court and talked with Charlotte

---

1. Because the child is the blood grandchild of the petitioners, an interlocutory decree was not required, N.C.G.S. § 48-21(c), and none was entered.

H. Goodwin, Assistant Clerk handling adoptions, and that the said parent stated that she wished to revoke or withdraw her consent to the adoption and that the said parent was told that it was too late even though a final order had not been entered.

(10) On November 15, 1983 and prior to the Final Order being issued the Social Services employee handling the adoption had a conversation with the consenting parent, Sandra K. Kinder [Summerall], and had the impression that she wanted to revoke or withdraw her consent and that said employee told said parent that it was too late; and that the said employee called the petitioners' attorney and told him that a woman was asking questions about the adoption and was informed by the attorney that no Final Order had been issued at that time.

(11) The Final Order of Adoption was filed on November 15, 1983 at 2:03 P.M. and signed by Ruby M. Gardner, Assistant Clerk of Superior Court.

Apparently the trial judge attached some significance to the fact that notice was not filed with the Clerk of Superior Court. At the time of the events in question, the General Statutes of North Carolina did not specify the method to be followed in revoking consent to adoption.[2]

In the absence of specified procedures, we rely on case law to determine whether respondent's letter of 14 August constituted adequate notice of her revocation of consent to adoption.

In considering revocation of consent cases, courts have, by implication, held that notice is sufficient if given to the adopting parents in person, *Ellis v. McCoy*, 332 Mass. 254, 124 N.E. 2d 266 (1954); by telephone, *Matter of Andersen*, 99 Idaho 805, 589 P. 2d 957 (1978) (phone calls followed by letter), *B.J.B.A. v. M.J.B.*, 620 P. 2d 652 (Alaska 1980) (phone call followed by wire to Probate Master); *Small v. Andrews*, 20 Or. App. 6, 530 P. 2d 540 (1975); or by letter, *French v. Catholic Community League*, 69 Ohio App. 442, 44 N.E. 2d 113 (1942); *Franklin v. Biggs*, 14 Or. App. 450, 513

---

2. Effective 1 October 1983, N.C.G.S. § 48-11(b) controls the method for giving notice of revocation of consent to adoption.

P. 2d 1216 (1973) (letter was not made a part of the Record); *State ex rel. Rothrock v. Webber*, 245 La. 901, 161 So. 759 (1964) (letter to curator appointed to represent natural parents as absentees, followed by letter to adoptive parents, phone calls and letter by certified mail, none of which were acknowledged); *Re Appeal in Pima County Juvenile Action*, 118 Ariz. 437, 577 P. 2d 723, *aff'd*, 118 Ariz. 428, 577 P. 2d 714 (1977). We therefore hold that the method of communicating notice in this case, that is, by letter to the petitioners, was adequate and reasonable.

In North Carolina, as elsewhere, there is a *prima facie* presumption that material which is marked, postage prepaid, and correctly addressed, was received in due course. *See Willis v. Davis Industries*, 280 N.C. 709, 186 S.E. 2d 913 (1972); *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838, *cert. denied*, 277 N.C. 459, 177 S.E. 2d 900 (1970). We therefore hold that the letter mailed by respondent on 14 August 1983 constituted sufficient notice of revocation and was timely made inasmuch as less than three months had elapsed since execution of the consent to adopt and no interlocutory or final order of adoption had been entered.

We reverse the decision of the Court of Appeals and remand to that Court for further remand to the trial court for reinstatement of the order of the trial judge.

Reversed and remanded.