STATE OF NORTH CAROLINA v. ROGER DALE WOODY

No. 9024SC419

(Filed 16 April 1991)

1. **Searches and Seizures § 11 (NCI3d)— driving while license revoked—evidence seized from stopping defendant's vehicle— denial of motion to suppress**

    The trial court properly denied defendant's motion to suppress in an action for driving with a revoked license where no evidence pertinent to defendant's conviction was obtained from the stop and the officer had reasonable grounds to suspect that defendant was driving while impaired and while his license was revoked.

    **Am Jur 2d, Searches and Seizures §§ 16, 99.**

2. **Criminal Law § 73.2 (NCI3d)— order revoking driver's license— admissible—public records exception to hearsay rule**

    The trial court did not err in a prosecution for driving with a revoked license by admitting into evidence the civil part of the revocation order. The order was admissible under the public records exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(8)(A).

    **Am Jur 2d, Automobiles and Highway Traffic § 148.**

3. **Automobiles and Other Vehicles § 144 (NCI4th)— driving with revoked license—evidence sufficient**

Defendant's motion to dismiss a prosecution for driving with a revoked license was properly overruled. The State was required to prove that defendant operated a motor vehicle on a public highway while his operator's license was suspended or revoked and that he had knowledge of the suspension or revocation; the first two elements were supported by an officer's testimony and the last two by the prior revocation order.

**Am Jur 2d, Automobiles and Highway Traffic § 148.**

APPEAL by defendant from judgment entered 4 January 1990 by *Judge Chase B. Saunders* in WATAUGA County Superior Court. Heard in the Court of Appeals 15 January 1991.

Defendant appeals his conviction of driving while his license was revoked in violation of G.S. 20-28. In substance, the State's evidence was as follows: Officer Redmond of the Boone Police Department testified that on 4 December 1988 at about 3:30 a.m. while on patrol at the intersection of U.S. Highway 321 and N.C. Highway 105 Extension in the Town of Boone that he recognized defendant's van, saw that defendant was driving it, and when it pulled into the Wendy's parking lot he stopped it, because he had been present in the Magistrate's office about two hours earlier when defendant was cited for driving while impaired and that he suspected that defendant was still impaired and that the Magistrate had revoked his license for a few days as the statute requires when the chemical tests indicate impairment. The civil portion of a revocation order issued that morning by a Watauga County Magistrate was received for the limited purpose of establishing that defendant's license to drive was revoked at the time and that he had knowledge of it; it revoked defendant's driving privileges for at least ten days under the provisions of G.S. 20-16.2 and G.S. 20-16.5 and stated that defendant personally appeared before the Magistrate and surrendered his license to the court.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard L. Griffin, for the State.*

*Robert T. Speed for defendant appellant.*

STATE v. WOODY

[102 N.C. App. 576 (1991)]

PHILLIPS, Judge.

Defendant assigns as error the trial court's denial of his motion to suppress the evidence seized from stopping his vehicle, which he contends was unlawful; the admission into evidence of the order revoking his driver's license; and the denial of his motion to dismiss at the close of the State's evidence. None of the defendant's assignments has merit and we find no error in the trial.

[1] Defendant's motion to suppress evidence was properly overruled for two reasons: First, no evidence pertinent to his conviction was obtained from the stop; second, the stop was not unlawful because the officer had reasonable grounds to suspect that defendant was driving while impaired and while his license was revoked. *State v. Trapper*, 48 N.C. App. 481, 269 S.E.2d 680, *appeal dismissed*, 301 N.C. 405, 273 S.E.2d 450 (1980), *cert. denied* by *Trapper v. North Carolina*, 451 U.S. 997, 68 L.Ed.2d 856 (1981).

[2] Instead of being error, receiving the civil part of the revocation order into evidence to show that defendant's driver's license was revoked and he knew it was authorized by the public records exception to the hearsay rule, Rule 803(8)(A), N.C. Rules of Evidence.

[3] Defendant's motion to dismiss the prosecution at the end of the State's evidence was properly overruled. To sustain the charge against him the State had to prove that (1) he operated a motor vehicle, (2) on a public highway, (3) while his operator's license was suspended or revoked, and (4) had knowledge of the suspension or revocation. *State v. Chester*, 30 N.C. App. 224, 226 S.E.2d 197 (1976). The first two elements of the offense were supported by Officer Redmond's testimony; the last two by the revocation order.

No error.

Judges EAGLES and WYNN concur.