STEVE WILSON v. CLAUDE J. WELCH BUILDERS CORPORATION, AND/OR VICTOR K. "VIC" SANDERS, T/A VIC SANDERS PAINTING, AETNA CASUALTY AND SURETY COMPANY, AND/OR SELECTIVE INSURANCE COMPANY

No. 9310IC916

(Filed 21 June 1994)

**Workers' Compensation § 327 (NCI4th)— insurance—cancellation—notice—evidence of receipt**

The Industrial Commission erred in a workers' compensation action by finding that an insured did not have notice of cancellation of the workers' compensation policy where the evidence supports a finding that the notice of intent to cancel was received by the insured at least ten days prior to the date of cancellation, 11 September 1989. The notice was mailed from the insurance company offices in New Jersey on 25 August 1989 to both the insured and the agent, the agent received the notice on 27 or 28 August, the letter to the insured was sent by certified mail, properly addressed, postage prepaid, and, although there was some evidence that the insured did not personally receive the letter, there was no evidence that the insured's secretary, whose duties included handling the mail, did not receive the letter. The inference created by the prima facie case is not rebutted.

**Am Jur 2d, Workers' Compensation § 472.**

Appeal by defendant Selective Insurance Company from Opinion and Award for the Full Commission entered 4 May 1993. Heard in the Court of Appeals 10 May 1994.

**WILSON v. CLAUDE J. WELCH BUILDERS**

[115 N.C. App. 384 (1994)]

*No brief filed for plaintiff Steve Wilson.*

*Russell & King, P.A., by J. William Russell and Jill S. Stricklin, for defendant-appellees Claude J. Welch Builders Corporation and Aetna Casualty & Surety Company.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Allan R. Tarleton and W. Bradford Searson, for defendant-appellant Selective Insurance Company.*

GREENE, Judge.

Selective Insurance Company (Selective) appeals from an Opinion and Award for the Full Commission (Commission) entered 4 May 1993.

This case involves a dispute between Selective and Aetna Casualty and Surety Company (Aetna) over who is responsible for paying workers' compensation benefits to plaintiff Steve Wilson, who was injured on 22 September 1989 while employed by and working for Victor K. "Vic" Sanders (Sanders), a subcontractor of Welch Builders. Selective contends it has no liability because its policy insuring Sanders was cancelled on 11 September 1989 for nonpayment of premium. Aetna contends the policy was not cancelled. The parties agree that if the Selective policy was cancelled, Aetna is responsible for paying the workers' compensation benefits. If not cancelled, Selective is responsible. The Commission determined that the Selective policy was not cancelled because "Sanders never received" the notice of cancellation.

The evidence before the Commission reveals that on 25 August 1989 Selective sent, via Certified U.S. Mail, to Sanders at his address in Highlands, and to Ronald Winecoff, the insurance agent through whom Sanders had obtained his workers' compensation insurance, at his address in Franklin, a notice of intention to cancel Sanders' workers' compensation insurance policy by reason of nonpayment of premium. The notice informed Sanders that the policy would be cancelled if payment was not received by 11 September 1989. Sanders testified that he did not "recall" receiving the notice of cancellation but acknowledged that he had a "secretary hired to take care of this stuff." Mr. Winecoff testified that he received the notice of Selective's intent to cancel Sanders' workers' compensation insurance policy on 27 or 28 August.

The Commission found as fact that:

> 4. . . . [N]either Sanders nor anyone on his behalf received the written notice of intention to cancel which Selective Insurance Company mailed to him on August 25, 1989. The written . . . notice [was] ineffective and did not cancel Selective's workers' compensation insurance policy which had been issued to Sanders.

The dispositive issue presented is whether the evidence before the Commission supports the finding that Sanders did not receive the notice of cancellation.

A workers' compensation policy can be cancelled by the insurance company "for nonpayment of premium on 10 days' written notice to the insured." N.C.G.S. § 97-99(a) (1991). There is no requirement that the notice of intent to cancel due to nonpayment of premium be sent by registered or certified mail. *Id.*

Evidence of the deposit in the mails of a letter, properly stamped and addressed, establishes prima facie that it was received in the regular course of the mail by the addressee. 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 65, at 215-16 (4th ed. 1993) (hereinafter *Brandis*); *Parnell-Martin Supply Co. v. High Point Motor Lodge, Inc.*, 277 N.C. 312, 321, 177 S.E.2d 392, 397 (1970) (regular course of the mail determined by the "frequency or usual course and time of the mail between the mailing place and place of purported receipt of letter"); *In re Terry*, 317 N.C. 132, 136, 343 S.E.2d 923, 925 (1986); 31A C.J.S. *Evidence* § 136d (1964). Evidence of nonreceipt of the letter by the addressee or by his agent, *see Passmore v. Woodard*, 37 N.C. App. 535, 541, 246 S.E.2d 795, 800 (1975) (notice to agent is notice to principal); *see also* 58 Am. Jur. 2d *Notice* § 4, at 573 (1989), is some evidence that the letter was not mailed and raises a question of fact for the trier of fact. 1 *Brandis* § 65, at 216.

In this case, there is evidence that Selective sent to Sanders, by certified mail, a properly addressed, postage pre-paid notice of its intent to cancel Sanders' workers' compensation insurance policy. There is also some evidence that Sanders did not personally receive the letter. There is, however, no evidence that Sanders' agent, his secretary whose duties included handling the mail, did not receive the letter. Thus, because there is no evidence that Sanders' secretary did not receive the letter, the inference created by the establishment of

the prima facie case—that the letter was received by Sanders—is not rebutted. Accordingly, the Commission erred in finding that Sanders did not have notice of the cancellation.

Furthermore, the evidence in this case supports a finding that the notice was received by Sanders at least ten days prior to 11 September 1989, the date of the cancellation of the policy of insurance. The notice was mailed by Selective from its office in Branchville, New Jersey on 25 August 1989 to both Sanders and Winecoff. Winecoff received the notice on 27 or 28 August. This evidence supports a finding that the regular course of the mail, or the time necessary for the transmission of a letter, from Branchville, New Jersey to Highlands, North Carolina (a town located approximately thirty miles from Franklin) was three or four days and that Sanders received his letter within three or four days of the 25 August mailing.

Accordingly, the opinion of the Commission is

Reversed.

Chief Judge ARNOLD and Judge McCRODDEN concur.