STATE OF NORTH CAROLINA v. ALFONZA DWANTA COLTRANE

No. COA06-895

(Filed 19 June 2007)

## 1. Motor Vehicles— driving while license suspended—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss a driving while license suspended charge even though defendant concedes the State proved each of the elements except for knowledge of the suspension, because: (1) the State raised prima facie presumption of receipt of notice of suspension through the signed certificate of an employee of the Division of Motor Vehicles that constituted proof of the giving of notice under N.C.G.S. § 20-48(a), and defendant was obligated to rebut the presumption; and (2) defendant chose not to present any evidence at trial, thus failing to rebut the presumption.

## 2. Motor Vehicles— felony operation of motor vehicle to elude arrest—aggravated factor of driving while license suspended

Although defendant contends his conviction for felony operation of a motor vehicle to elude arrest must be vacated based on the State's alleged improper reliance on a driving while license suspended charge as an aggravating factor for that conviction, the Court of Appeals already concluded the driving while suspended charge was proper.

## 3. Appeal and Error— preservation of issues—failure to object—failure to argue plain error

Although defendant contends the trial court erred in a driving while license suspended, felony operation of a motor vehicle to elude arrest, failing to heed light and siren, reckless driving, transporting unsealed spiritous liquor in the passenger area, and failure to stop for a stop sign case by admitting the DMV record and other related testimony, this assignment of error is dismissed because: (1) defendant did not raise any objection on the grounds of relevancy or undue burden that he now argues on appeal; and (2) although defendant referenced plain error, he did not make any argument regarding plain error in his brief.

Judge TYSON dissenting.

STATE v. COLTRANE

[184 N.C. App. 140 (2007)]

Appeal by defendant from judgment entered 1 February 2006 by Judge R. Stuart Albright in Randolph County Superior Court. Heard in the Court of Appeals 7 March 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Allison A. Pluchos, for the State.*

*Anne Bleyman, for defendant-appellant.*

ELMORE, Judge.

Alfonza Dwanta Coltrane[1] (defendant) appeals the judgment of the trial court, entered 1 February 2006, convicting him of driving while license suspended; felony operation of a motor vehicle to elude arrest; failing to heed light and siren; reckless driving; transporting unsealed spiritous liquor in the passenger area; and failure to stop for a stop sign. After a thorough review of the record, we find no error.

On 12 December 2004, Liberty Police Department Officers William Lee Whitfield and Ray Chapuis (Officers Whitfield and Chapuis) were driving a marked police car in Randolph County when they observed defendant driving past them in the opposite direction. Officer Chapuis recognized defendant from past interactions, the most recent of which occurred a few months prior to that night. That interaction involved Officer Chapuis giving defendant a citation and telling defendant that he was not licensed to drive a motor vehicle. Based on this last encounter, Officer Chapuis checked the status of defendant's license and was informed that defendant's license was indefinitely suspended. The officers therefore turned the police car around and followed defendant.

The officers observed defendant drive up to a residence and parked the police car to continue watching defendant. After about ten minutes, defendant got back into the car, accompanied by a black male. Defendant began to drive down the street, and the officers followed him with the police car's blue lights on. Rather than pulling over to the side of the road, defendant accelerated, despite passing several appropriate places where he could have stopped his car. During the ensuing chase, defendant failed to stop at a four way stop sign that was clearly visible. Shortly thereafter, defendant swerved around a stopped car at another stop sign on a residential street,

---

1. We note that defendant's name has apparently been spelled in many different ways throughout his dealings with our courts. For the sake of simplicity, we use the spelling as presented in the judgment.

again proceeding past the stop sign without stopping. Eventually, defendant came to an abrupt stop in the middle of the road, exited his car, looked at the officers, and fled towards some nearby houses. Although Officer Whitfield chased after defendant and searched for him for approximately ten to fifteen minutes, he was not able to locate defendant at that time.

Defendant was subsequently indicted by a Randolph County Grand Jury on 11 July 2005, and on 1 February 2006, a jury found him guilty of driving while license suspended; felony operation of a motor vehicle to elude arrest; failing to heed light and siren; reckless driving; transporting unsealed spiritous liquor in the passenger area; and failure to stop for a stop sign. Defendant appealed in open court from the trial court's entry of judgment.

[1] On appeal, defendant first argues that the trial court erred in denying his motion to dismiss the driving while license suspended charge for insufficient evidence. Because we hold that the evidence was sufficient to submit the charge to the jury, this argument fails.

"In ruling on a defendant's motion to dismiss, the trial court should consider if the state has presented substantial evidence on each element of the crime and substantial evidence that the defendant is the perpetrator." *State v. Replogle*, 181 N.C. App. 579, 580-81, 640 S.E.2d 757, 759 (2007) (quoting *State v. Fowler*, 353 N.C. 599, 621, 548 S.E.2d 684, 700 (2001)). The elements of driving while license revoked are "(1) [defendant] operated a motor vehicle, (2) on a public highway, (3) while his operator's license was suspended or revoked, and (4) had knowledge of the suspension or revocation." *State v. Woody*, 102 N.C. App. 576, 578, 402 S.E.2d 848, 850 (1991) (citation omitted). "The evidence should be viewed in the light most favorable to the state, with all conflicts resolved in the state's favor. . . . If substantial evidence exists supporting defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *Replogle*, 181 N.C. App. at 580-81, 640 S.E.2d at 759 (quoting *Fowler*, 353 N.C. at 621, 548 S.E.2d at 700) (alteration in original).

Defendant concedes that the State proved each of the elements except for knowledge of the suspension. "This Court has previously held that the State satisfies its burden of proof of a G.S. 20-28 violation when, nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 because of the

presumption that he received notice and had such knowledge." *State v. Cruz*, 173 N.C. App. 689, 697, 620 S.E.2d 251, 256 (2005) (internal quotations, citations, and alterations omitted).

The notice requirements, in pertinent part, are as follows:

[N]otice shall be given . . . by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the Division. The giving of notice by mail is complete upon the expiration of four days after such deposit of such notice. Proof of the giving of notice in . . . such manner may be made by the certificate of any officer or employee of the Division or affidavit of any person over 18 years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof.

N.C. Gen. Stat. § 20-48(a) (2005).[2]

Defendant argues that "[b]ecause the State failed to present evidence raising a *prima facie* presumption that the revocations notices sent to an [allegedly] incorrect address were received, [defendant] was not obligated to put on evidence that would rebut such a presumption." Defendant is simply incorrect. In this case, the State produced the signed certificate of Tina Raynor (Raynor), an employee of the Division of Motor Vehicles. The certification states that Raynor deposited notice of suspension in the United States mail in a postage paid envelope, addressed to the "address . . . shown by the records of the Division" as defendant's address. This certification constitutes "[p]roof of the giving of notice," under the statute. N.C. Gen. Stat. § 20-48(a) (2005). Therefore, the State raised *prima facie* presumption of receipt, and defendant was obligated to rebut the presumption. Defendant chose not to present any evidence at trial; the presumption was clearly not rebutted. Accordingly, the State met its burden of producing "substantial evidence on each element of the crime," and defendant's argument is without merit.

[2] Defendant also argues that his conviction for felony operation of a motor vehicle to elude arrest must be vacated because the State relied on the driving while license suspended charge as an aggravating factor for that conviction. Because we have held that defendant's

---

2. We note that N.C. Gen. Stat. § 20-48 has since been amended. However, as the quoted material was the version of the statute in effect at the time of the offense and trial, we apply it to the case at hand.

conviction for driving while license suspended was proper, this argument, too, must fail.

**[3]** Finally, defendant argues that the trial court erred in admitting the DMV record and other related testimony. Defendant argues that this evidence was irrelevant and overly prejudicial. However, these arguments were not properly preserved for appeal. Accordingly, we must dismiss this assignment of error.

Our Supreme Court has recently addressed this issue:

Generally . . . issues occurring during trial must be preserved if they are to be reviewed on grounds other than plain error. Rule 10(b)(1) provides, in part, that to preserve a question for appellate review, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make."

*Reep v. Beck*, 360 N.C. 34, 36-37, 619 S.E.2d 497, 499 (2005) (quoting N.C.R. App. P. 10(b)(1)) (footnote omitted). We note that although defendant objected to the admission of the DMV evidence at trial, he did so purely on the basis of his contention that the addresses did not match. After the trial court determined that defendant's objection on the basis of the allegedly incorrect addresses was "more of a jury argument as opposed to what is admissible evidence," the trial court gave defendant two additional opportunities to raise other potential grounds for objection:

THE COURT: Okay. Do you want anything more on this at this point?

[DEFENSE COUNSEL]: Not at this point.

THE COURT: Okay. But he's going to admit it after this, I assume, so there's no—Your objection is noted. Do you have any other objections at this point?

[DEFENSE COUNSEL]: Not at this point.

Defendant did not raise any issue regarding relevancy or undue prejudice, which are the only arguments he now seeks to bring on appeal. Moreover, although defendant referenced plain error, he did not make any argument regarding plain error in his brief. We are mindful that

[t]he purpose of [Rule 10(b)] is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal. A trial

issue that is preserved may be made the basis of an assignment of error pursuant to Rule 10, and the scope of review by an appellate court is usually limited to a consideration of the assignments of error in the record on appeal and if the appealing party has no right to appeal the appellate court should dismiss the appeal *ex mero motu.*

*Reep,* 360 N.C. at 37, 619 S.E.2d at 499-500 (quotations, citations, and alterations omitted). Accordingly, we will not further address defendant's arguments on this matter.

Having conducted a thorough review of the record and the briefs on appeal, we find no error.

No error.

Judge GEER concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge dissenting.

The majority's opinion holds the trial court properly denied defendant's motion to dismiss the charge of driving while license suspended. I disagree.

## I. Driving While License Suspended

To sustain a conviction of driving while license suspended, the State must show: "(1) [defendant] operated a motor vehicle, (2) on a public highway, (3) while his operator's license was *suspended or revoked,* and (4) had knowledge of the suspension or revocation." *State v. Woody,* 102 N.C. App. 576, 578, 402 S.E.2d 848, 850 (1991) (emphasis supplied) (citing *State v. Chester,* 30 N.C. App. 224, 226 S.E.2d 524 (1976)).

## A. Knowledge

The State must prove the defendant had knowledge that his driver's license was suspended. "[T]he burden is on the State to prove that defendant had knowledge at the time charged that his operator's license was suspended or revoked; the State satisfie[s] this burden when, nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48[.]" *Chester,* 30 N.C. App. at 227, 226 S.E.2d at 526.

## B. Required Notice

N.C. Gen. Stat. § 20-48(a) (2005) states:

Whenever the Division is authorized or required to give any notice under this Chapter or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, *such notice shall be given . . .* by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person *at his address as shown by the records of the Division. . . .* Proof of the giving of notice in either such manner may be made by the certificate of any officer or employee of the Division or affidavit of any person over 18 years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof.

(Emphasis supplied).

The State presented no evidence that the post office box address to where the Division of Motor Vehicles' ("DMV") sent notices of suspension was the street address shown on defendant's driver's license record. The only address shown on defendant's DMV's driver's license record was his street address. All notices DMV sent to defendant were addressed to a post office box. The State presented no evidence tending to show defendant ever provided DMV with a different address from his street address contained on the certified driver's license report, or that the report contained any other address. DMV failed to prove it provided defendant with the required statutory notice in accordance with N.C. Gen. Stat. § 20-48. The warrants for defendant's arrest reflect his street address, not a post office box.

## C. Presumption

"In North Carolina, as elsewhere, there is a *prima facie* presumption that material which is marked, postage prepaid, and correctly addressed, was received in due course." *In re Terry*, 317 N.C. 132, 136, 343 S.E.2d 923, 925 (1986). Because the notices were not correctly addressed and sent to defendant's address appearing on his DMV record, no presumption arises that defendant received the required statutory notices. Defendant is not obligated to present any evidence to rebut the presumption that he received notice when the State's evidence failed to raise such a presumption.

The majority's opinion holds the certificate signed by a DMV employee, Tina Raynor, is sufficient to constitute "proof of giving

notice" under N.C. Gen. Stat. § 20-48. The certificate must be "sworn to and signed by an employee of the Department of Motor Vehicles, certifying that the original of the document was mailed to defendant on [a specific date] at his address shown on the records of the Department." *State v. Herald*, 10 N.C. App. 263, 264, 178 S.E.2d 120, 121 (1970). The notices were not sent to the address shown on defendant's DMV driver's license record as statutorily required, but to another address. DMV's signed affidavit raised no presumption that defendant received the notices.

The State failed to present any evidence that the address in DMV's record was the post office box address where the revocation notices were sent, and failed to show that defendant received notice of the suspension of his license. The trial court erred in denying defendant's motion to dismiss the charge of driving while license suspended.

## II. Felony Operation to Elude Arrest

Defendant was also convicted under N.C. Gen. Stat. § 20-141.5 for felony operation of a motor vehicle to elude arrest. N.C. Gen. Stat. § 20-141.5 (2005) states:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

a. Consumption of an impairing substance; or

b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing:

a. Property damage in excess of one thousand dollars ($1,000); or

b. Personal injury.

(5) Driving when the person's drivers license is revoked.

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S. 20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

(8) Driving with a child under 12 years of age in the vehicle.

The jury found defendant to be guilty of: (1) driving while license suspended; (2) felony operation of a motor vehicle to elude arrest; (3) failure to heed light and siren; (4) reckless driving to endanger; (5) failure to stop for a stop sign; and (6) transporting unsealed spiritous liquor in the passenger area.

Pursuant to N.C. Gen. Stat. § 20-141.5, the combination of convictions for reckless driving and driving while license revoked supports the felony operation of a motor vehicle to elude arrest conviction. Due to the lack of statutorily required notice by DMV and the absence of any other evidence tending to show defendant knew his license was suspended, defendant's charge of driving while license suspended should not have been submitted to the jury. In addition, defendant was not convicted of two of the required aggravating factors required to elevate his conviction for operation of a motor vehicle to elude arrest from a misdemeanor to a felony. The only aggravating factor the jury found defendant to be guilty of was reckless driving.

## III. Conclusion

I vote to reverse defendant's conviction for driving while license suspended, vacate the felony operation of a motor vehicle to elude arrest, and remand to the trial court for entry of judgment and resentencing for misdemeanor speeding to elude arrest pursuant to N.C. Gen. Stat. § 20-141.5(a) and defendant's other uncontested convictions. Otherwise, I find no error in defendant's remaining convictions and the judgments entered thereon. I respectfully dissent.