LESSIE SIMMONS v. C. W. MYERS TRADING POST, INC.

No. 281PA82

(Filed 3 November 1982)

**1. Evidence § 45— plaintiff's opinion as to value of trailer**

In an action to recover damages for breach of an express warranty to repair plaintiff's house trailer, the trial court erred in excluding plaintiff's testimony on the value of her trailer without the promised repairs.

**2. Appeal and Error § 2; Consumer Credit § 1— treble damages upon retrial— improper determination on appeal**

The Court of Appeals should not have addressed the question whether upon a verdict in her favor at retrial plaintiff would be entitled, under G.S. 25A-44(4) and G.S. Ch. 75, to treble damages for a violation of G.S. 25A-20, a provision of the Retail Installment Sales Act, since the issue had not been decided by the trial court and was neither briefed nor argued by either party before the Court of Appeals, and the issue will arise, if at all, only if plaintiff receives a verdict in her favor upon retrial.

Justice MARTIN took no part in the consideration or decision of this case.

ON defendant's petition for writ of certiorari to review the decision of a divided panel of the Court of Appeals, which affirmed in part and reversed in part the entry of a directed ver-

dict for defendant at the close of plaintiff's evidence by *Judge Alexander* at the 2 February 1981 Session of FORSYTH District Court. The opinion of the Court of Appeals, reported at 56 N.C. App. 549, 290 S.E. 2d 710 (1982), is by *Judge Harry Martin* with *Chief Judge Morris* concurring. *Judge Vaughn* concurred in part and dissented in part.

*Legal Aid Society of Northwest North Carolina, Inc., by Kate Mewhinney, for plaintiff appellee*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, by Richard G. Badgett and Herman L. Stephens, for defendant appellant.*

PER CURIAM.

[1] The facts are fully and accurately set out in the Court of Appeals' opinion. Defendant contends that the Court of Appeals erred in holding that plaintiff had shown reversible error in the trial court's exclusion of testimony relating to damages she suffered from defendant's alleged breach of an express warranty to repair her house trailer, and that she would be entitled to treble damages in the event of a verdict in her favor upon retrial. We agree with all three judges of the Court of Appeals that it was error to exclude plaintiff's testimony on the value of her trailer without the promised repairs.

[2] The Court of Appeals majority, however, should not have addressed the question whether upon a verdict in her favor plaintiff would be entitled, under G.S. 25A-44(4) and Chapter 75 of the General Statutes, to treble damages for a violation of G.S. 25A-20. As both parties stress in their briefs before us, this issue was not properly before the Court of Appeals. It was not a question ripe for review because it will arise, if at all, only if plaintiff receives a verdict in her favor upon retrial. The issue had not been decided by the trial court and was neither briefed nor argued by either party before the Court of Appeals. We express no opinion on the question. That portion of the Court of Appeals' opinion dealing with this question is, for the reasons stated, vacated.

Except as herein modified, we adopt the decision of the Court of Appeals.

Modified and affirmed.

Justice MARTIN did not participate in the consideration or decision of this case.