STATE OF NORTH CAROLINA v. ALFONZA DAWNTA COLTRANE, aka ALFENZA DAWNTA COLTRANE, aka ALFONZ DWANTE COLTRANE

No. COA07-486

(Filed 5 February 2008)

**1. Indictment and Information— amendment—date of offense—not a substantial alteration**

Alteration of an indictment for possession of a firearm by a felon to change the date of the offense did not substantially alter the charge, as the date of the offense is not a substantial element of the charge.

**2. Indictment and Information— amendment—possession of firearm by felon—county of underlying offense**

The trial court did not err by allowing the State to amend an indictment for possession of a firearm by a felon by changing the county of the underlying felony conviction. The indictment sufficiently notified defendant of the prior felony conviction.

**3. Firearms and Other Weapons— possession by felon—new offense**

The possession of a firearm by a felon statute creates a new substantive offense, even though it is directed at recidivism. N.C.G.S. § 14-415.1.

**4. Constitutional Law— possession of firearm by felon—not double jeopardy**

A conviction for possession of a firearm by a felon was not double jeopardy. While the prior conviction is a part of the new offense, the punishment is for the new element of possessing . a firearm.

**5. Motor Vehicles— driving with revoked license—notice of revocation**

The evidence was sufficient for a charge of driving with a revoked license where the notice of revocation did not go to the address shown for defendant in DMV records. However, pursuant to a prior Court of Appeals opinion, the State raised prima facie evidence of receipt and defendant did not rebut the presumption, so that the evidence was sufficient.

**6. Appeal and Error— appealability—anticipatory judgment—not considered**

An argument that the Court of Appeals should remand defendant's case for resentencing if the Supreme Court vacates his prior convictions was not ripe for review and was not properly before the Court of Appeals.

Appeal by defendant from judgment entered 8 November 2006 by Judge Jerry Cash Martin in Randolph County Superior Court. Heard in the Court of Appeals 26 November 2007.

*Roy Cooper, Attorney General, by John P. Barkley, Assistant Attorney General, for the State.*

*Anne Bleyman, for defendant-appellant.*

MARTIN, Chief Judge.

Alfonza Dawnta Coltrane ("defendant") appeals from judgments entered upon jury verdicts in 05 CRS 052926-27 finding him guilty of one count of driving while license revoked pursuant to N.C.G.S. § 20-28(a), one count of resisting a public officer pursuant to N.C.G.S. § 14-223, and one count of felonious possession of a firearm by a felon pursuant to N.C.G.S. § 14-415.1. On 8 November 2006, defendant was sentenced to a consolidated term of 20 to 24 months imprisonment to commence at the expiration of sentences which defendant was already obligated to serve.

Defendant's 8 November 2006 convictions arose out of events that occurred on 25 April 2005 in Randolph County. On 10 November

2005, defendant appeared in Randolph County District Court and was found guilty of driving while license revoked pursuant to N.C.G.S. § 20-28(a) and resisting a public officer pursuant to N.C.G.S. § 14-223. Defendant was sentenced to a term of 45 days imprisonment. Defendant gave notice of appeal to Randolph County Superior Court. On 10 April 2006, the Randolph County Grand Jury issued an indictment for the Class G felony of possession of a firearm by a convicted felon, in violation of N.C.G.S. § 14-415.1. On 7-8 November 2006, a jury heard and decided the case against defendant for the charges in 05 CRS 052926-27 of driving while license revoked, resisting a public officer, and felonious possession of a firearm by a felon. Defendant gave notice of appeal to this Court on 8 November 2006 in open court.

---

The record on appeal contains one hundred one assignments of error. In his brief, however, defendant presented arguments in support of only twenty-four of those assignments of error. The remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(a) (2008) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned.").

I.

[1] Defendant first contends that the trial court erred by allowing the State to amend the 10 April 2006 indictment charging him with possession of a firearm by a felon. The State was permitted to amend the indictment to correct: (A) the date of the offense, and (B) the county in which defendant was convicted of the underlying felony. Defendant argues that, because of these errors, the indictment was defective and so the trial court lacked jurisdiction to hear the matter. We disagree.

A.

N.C.G.S. § 15A-923(e) provides that "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2007). "This statute, however, has been construed to mean only that an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.'" *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (quoting *State v. Carrington*, 35 N.C. App. 53, 240 S.E.2d 475, *disc. review denied*, 294 N.C. 737, 244 S.E.2d 155 (1978)). "Thus, for example, where time is not an essential element of the crime, an amendment relating to the date of the offense is permissible since the amendment would not 'substantially alter the

*charge* set forth in the indictment.' " *Id.* (quoting *State v. Price*, 310 N.C. 596, 598-99, 313 S.E.2d 556, 559 (1984)); *see also State v. Locklear*, 117 N.C. App. 255, 260, 450 S.E.2d 516, 519 (1994) (quoting *State v. Cameron*, 83 N.C. App. 69, 72, 349 S.E.2d 327, 329 (1986)) (" 'Ordinarily, the date alleged in the indictment is neither an essential nor a substantial fact, and therefore the State may prove that the offense was actually committed on some date other than that alleged in the indictment without the necessity of a motion to change the bill.' ").

N.C.G.S. § 14-415.1(a) provides, in part: "It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)." N.C. Gen. Stat. § 14-415.1(a) (2007). Thus, the date of the offense is not an essential element of the offense of possession of a firearm by a felon. Therefore, " '[t]he failure to state accurately the date or time an offense is alleged to have occurred does not invalidate a bill of indictment nor does it justify reversal of a conviction obtained thereon.' " *Locklear*, 117 N.C. App. at 260, 450 S.E.2d at 519 (quoting *Cameron*, 83 N.C. App. at 72, 349 S.E.2d at 329).

In the present case, the 10 April 2006 indictment returned against defendant stated that the alleged offense occurred "on or about the 9th day of December, 2004." The State moved to amend this date to 25 April 2005, which the trial court granted over defendant's objection. Since the date of the offense is not an essential element of possession of a firearm by a felon, amending this date did not "substantially alter the charge set forth in the indictment," *Brinson*, 337 N.C. at 767, 448 S.E.2d at 824 (internal quotation marks omitted), and we find no error.

B.

**[2]** N.C.G.S. § 14-415.1(c) provides, in part:

> *An indictment which charges the person with violation of this section must set forth* the date that the prior offense was committed, the type of offense and the penalty therefor, and the date that the defendant was convicted or plead guilty to such offense, *the identity of the court in which the conviction or plea of guilty took place* and the verdict and judgment rendered therein.

N.C. Gen. Stat. § 14-415.1(c) (emphasis added). However, "[e]ven where a statute requires a particular allegation, the omission of such

an allegation from an indictment is not necessarily fatal to jurisdiction." *State v. Inman*, 174 N.C. App. 567, 569, 621 S.E.2d 306, 308 (2005), *disc. review denied*, 360 N.C. 652, 638 S.E.2d 907 (2006).

In *State v. Lewis*, 162 N.C. App. 277, 590 S.E.2d 318 (2004), this Court held that the State could amend a habitual felon indictment pursuant to N.C.G.S. § 14-7.3 which "correctly stated the type of offense for which defendant was convicted and the date of that offense," but "incorrectly stated the *date and county* of defendant's conviction." *Lewis*, 162 N.C. App. at 284-85, 590 S.E.2d at 324 (emphasis added). N.C.G.S. § 14-7.3 includes language almost identical to that in N.C.G.S. § 14-415.1(c) regarding the "identity of the court," providing:

*An indictment* which charges a person with being a[] habitual felon *must set forth* the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and *the identity of the court wherein said pleas or convictions took place.*

N.C. Gen. Stat. § 14-7.3 (2007) (emphasis added). Again, N.C.G.S. § 14-415.1(c) provides, in part, that the indictment charging the offense of possession of a firearm by a felon "must set forth . . . the identity of the court in which the conviction or plea of guilty took place." N.C. Gen. Stat. § 14-415.1(c). In *Lewis*, this Court concluded that "[t]he indictment at issue sufficiently notified defendant of the particular conviction that was being used to support his status as a[] habitual felon," in spite of errors in both the date and county of defendant's prior conviction. *See Lewis*, 162 N.C. App. at 285, 590 S.E.2d at 324. Although, unlike the present case, defendant in *Lewis* also "previously stipulated to [his prior] conviction and did not argue he lacked notice of the hearing at trial," we do not believe that this Court's conclusion in *Lewis* was contingent upon defendant's stipulation. *See id.*

In the present case, the 10 April 2006 indictment stated that defendant's underlying felony conviction occurred "in Montgomery County Superior Court." The State moved to amend this designation to Guilford County Superior Court, which the trial court granted over defendant's objection. The indictment correctly identified all of the other allegations required pursuant to N.C.G.S. § 14-415.1(c) regarding defendant's prior felony conviction, including: (1) the date on

which defendant's prior felony was committed ("on or about October 31, 2003"); (2) the type of offense for which defendant was convicted ("fleeing to elude arrest, a felony"); (3) the penalty for that offense ("sentenced to a term of 14-17 months (consolidated with another sentence), suspended, with 36 months probation"); (4) the date of defendant's prior conviction ("on or about June 8, 2004"); and (5) the verdict rendered ("found guilty"). At the time of the 10 April 2006 indictment, defendant had prior convictions for the felony of fleeing to elude arrest in Guilford County (03 CRS 102696) and Randolph County (04 CRS 058421) entered on 8 June 2004 and 1 February 2006, respectively, but had no record of any convictions for any offenses in Montgomery County.

Just as this Court held in *Lewis* that an indictment which "incorrectly stated the date and county of defendant's conviction" sufficiently notified defendant of the prior conviction referenced therein, *see id.* at 284, 590 S.E.2d at 324, we conclude that the 10 April 2006 indictment in the present case sufficiently notified defendant that the prior felony conviction referenced was his 8 June 2004 conviction for fleeing to elude arrest, which occurred in Guilford County. Since the State's amendment to the identity of the court in the indictment neither frustrated the purpose of the indictment " 'to inform a party so that he may learn with reasonable certainty the nature of the crime of which he is accused,' " *Brinson*, 337 N.C. at 768, 448 S.E.2d at 824 (quoting *State v. Coker*, 312 N.C. 432, 437, 323 S.E.2d 343, 347 (1984)), nor "substantially alter[ed] the charge set forth in the indictment," *id.* at 767, 448 S.E.2d at 824 (internal quotation marks omitted), we find no error.

II.

[3] Defendant next contends that his 8 November 2006 conviction for possession of a firearm by a felon pursuant to N.C.G.S. § 14-415.1 must be vacated because possession of a firearm by a felon is "not a crime." Defendant argues that possession of a firearm by a felon is a recidivist offense, and urges this Court to follow defendant's argument in *State v. Wood*, 185 N.C. App. 227, 647 S.E.2d 679 (2007), *disc. review denied*, 361 N.C. 703, —— S.E.2d —— (2007). We disagree.

After defendant's brief was filed in the present case, this Court concluded in *Wood* that, "[w]hile N.C.[G.S.] § 14-415.1 has characteristics of a recidivist statute, a plain reading of the statute shows it creates a new substantive offense." *Wood*, 185 N.C. App. at 236, 647 S.E.2d at 687; *see also State v. Bowden*, 177 N.C. App. 718, 725, 630

S.E.2d 208, 213 (2006) ("The mere fact that a statute is directed at recidivism does not prevent the statute from establishing a substantive offense."). N.C.G.S. § 14-415.1 "creates a substantive offense to which the Sixth Amendment right to a jury trial applies, and not a sentencing requirement aimed at reducing recidivism." *Wood*, 185 N.C. App. at 236, 647 S.E.2d at 687. Therefore, we overrule defendant's assignment of error.

## III.

**[4]** Defendant also contends that his conviction for possession of a firearm by a felon subjects him to double jeopardy for his 8 June 2004 felony conviction of fleeing to elude arrest. We disagree.

"The Double Jeopardy Clause of the Fifth Amendment states that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" *State v. Tirado*, 358 N.C. 551, 578, 599 S.E.2d 515, 534 (2004), *cert. denied*, 544 U.S. 909, 161 L. Ed. 2d 285 (2005) (quoting U.S. Const. amend. V; *see also* N.C. Const. art. I, § 19). "The Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Id.*

"[U]nder N.C.[G.S.] § 14-415.1, it is the prior *conviction* that is an element which must be proved by the State." *Wood*, 185 N.C. App. at 236, 647 S.E.2d at 687; *see also State v. Jeffers*, 48 N.C. App. 663, 666, 269 S.E.2d 731, 733-34 (1980) ("A previous conviction for one of a group of enumerated felonies is an essential element of the offense of possession of a firearm by a felon, and thus in the absence of a prior conviction, there is no offense at all."), *cert. denied*, 301 N.C. 724, 276 S.E.2d 285 (1981). However, "[w]hile proving the prior conviction will necessarily establish that defendant was guilty of committing the prior crime, N.C.[G.S.] § 14-415.1 does not impose any punishment solely for defendant's commission of the prior crime, but instead requires the State further prove the additional element of possession of a firearm." *Wood*, 185 N.C. App. at 236, 647 S.E.2d at 687. "Thus the prior *conviction* constitutes a part of an entirely new offense." *Id.* "Therefore, defendant's prior conviction . . . is not an 'offense' within the meaning of the Double Jeopardy Clause when construed with his conviction of possession of a firearm by a felon." *Id.*

In the present case, when defendant "possessed a firearm in violation of [N.C.G.S. § 14-415.1], *he was again convicted and pun-*

ished—*not a second time* for the . . . [8 June 2004 felony conviction of fleeing to elude arrest], *but for the first time for this new offense* under § 14-415.1(a)." *State v. Crump,* 178 N.C. App. 717, 722, 632 S.E.2d 233, 236 (2006) (emphasis added), *disc. review denied,* 361 N.C. 431, 648 S.E.2d 851 (2007); *see also Wood,* 185 N.C. App. at 236, 647 S.E.2d at 687 ("Defendant was not prosecuted nor punished again for the underlying . . . [felony] conviction . . .; rather he was convicted and punished for his subsequent act of unlawfully possessing a firearm as a convicted felon."). Therefore, we again overrule defendant's assignment of error.

## IV.

[5] Defendant next asserts as error the trial court's denial of his motion to dismiss the charge in 05 CRS 052926 of driving while license revoked due to the insufficiency of the evidence.

Our standard of review of a trial court's ruling on a motion to dismiss is well established. " 'When ruling on a motion to dismiss, the trial court must determine whether the prosecution has presented substantial evidence of each essential element of the crime.' " *State v. Tedder,* 169 N.C. App. 446, 450, 610 S.E.2d 774, 777 (2005) (quoting *State v. Smith,* 357 N.C. 604, 615-16, 588 S.E.2d 453, 461 (2003), *cert. denied,* 542 U.S. 941, 159 L. Ed. 2d 819 (2004)). " 'Substantial evidence is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " *Id.* The trial court "must [then] view the evidence in the light most favorable to the [S]tate, giving the [S]tate the benefit of every reasonable inference that might be drawn therefrom." *State v. Etheridge,* 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987) (citing *State v. Witherspoon,* 293 N.C. 321, 237 S.E.2d 822 (1977)).

N.C.G.S. § 20-28(a) provides, in part, that "any person whose driver[']s license has been revoked who drives any motor vehicle upon the highways of the State while the license is revoked is guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 20-28(a) (2007). "To convict a person of the crime of driving with a revoked license, the State must prove beyond a reasonable doubt that defendant was on notice that his driver's license was revoked." *State v. Funchess,* 141 N.C. App. 302, 311, 540 S.E.2d 435, 440 (2000); *see also State v. Woody,* 102 N.C. App. 576, 578, 402 S.E.2d 848, 850 (1991) ("To sustain the charge against [defendant for driving while license revoked,] the State had to prove that (1) [defendant] operated a motor vehicle, (2) on a public highway, (3) while his operator's license was suspended

or revoked, and (4) *had knowledge of the suspension or revoca-tion.*") (emphasis added).

N.C.G.S. § 20-48(a) provides, in part:

> Whenever the Division [of Motor Vehicles] is authorized or required to give any notice under this Chapter or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, *such notice shall be* given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, *addressed to such person at his address as shown by the records of the Division.* . . . A copy of the Division's records sent under the authority of this section is admissible as evidence in any court or administrative agency and is sufficient evidence to discharge the burden of the person presenting the record that notice was sent to the person named in the record, at the address indicated in the record, and for the purpose indicated in the record.

N.C. Gen. Stat. § 20-48(a) (2007). Thus, the State satisfies its burden that defendant had knowledge his license was revoked "when, nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 because of the presumption that he received notice and had such knowledge." *State v. Chester*, 30 N.C. App. 224, 227, 226 S.E.2d 524, 526 (1976).

In the present case, the State presented evidence of eighteen official notice letters sent from the North Carolina Division of Motor Vehicles ("DMV") to defendant between the years of 2001 and 2006, all of which were included in the record on appeal. Each of the letters was addressed to defendant by name and sent to a post office box in Liberty, North Carolina. However, the certified report of defendant's driver's license record indicates defendant's address as 7922 County Line Road in Liberty, North Carolina, and does not list any other address for defendant. In other words, the "address as shown by the records of the [DMV]" does not appear to be the address to which the notice of defendant's license revocation was sent in the present case.

However, in *State v. Coltrane*, 184 N.C. App. 140, 645 S.E.2d 793 (2007), *appeal docketed*, No. 348A07 (N.C. July 21, 2007), this defendant similarly argued to this Court that the trial court erred by denying his motion to dismiss the charge of driving while license suspended

in 04 CRS 58421 due to the insufficiency of the evidence. *See Coltrane*, 184 N.C. App. at 144, 645 S.E.2d at 795. In that matter, this Court found that the State produced a certified document from an employee of the DMV stating that the employee "deposited notice of suspension in the United States mail in a postage paid envelope, addressed to the address . . . shown by the records of the Division as defendant's address." *Id.* (omission in original) (internal quotation marks omitted). Defendant argued then, as he does now, that the DMV sent the revocation notice to an address different from the address "shown by the records of the [DMV]." *See id.* However, this Court found that the State "raised *prima facie* presumption of receipt, and defendant was obligated to rebut the presumption." *Id.* Since defendant there, as here, "chose not to present any evidence at trial[, this Court concluded that] . . . the presumption was clearly not rebutted," and held that "the State met its burden of producing substantial evidence on each element of the crime." *Id.* (internal quotation marks omitted).

"[A] well-established rule of appellate law . . . [provides that,] '[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.' " *State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 133 (2004) (quoting *In re Appeal from Civil Penalty Assessed for Violations of Sedimentation Pollution Control Act*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989)). "While . . . a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound by that prior decision until it is overturned by a higher court." *Id.* at 487, 598 S.E.2d at 134.

*Coltrane COA06-895* included a dissenting opinion, thus giving defendant an appeal of right to the Supreme Court. *See* N.C. Gen. Stat. § 7A-30 (2007) ("[A]n appeal lies of right to the Supreme Court from any decision of the Court of Appeals rendered in a case . . . [i]n which there is a dissent."). Defendant filed his notice of appeal in *Coltrane COA06-895* to the Supreme Court on 21 July 2007. Since defendant's appeal in that case is still pending, the panel in the present case remains bound by the decision of this Court under *Coltrane COA06-895* on the issue of whether sufficient evidence was presented by the State to prove the essential elements of driving while license revoked.

V.

**[6]** Finally, defendant requests that the present case be remanded for resentencing *if* the North Carolina Supreme Court vacates his two prior Class H convictions for felony speeding to elude arrest in Randolph County on 1 February 2006 (04 CRS 058421) and 12 April 2006 (02 CRS 058478), each currently under appeal in the Supreme Court and docketed as 348A07 and 428P07, respectively.

" '[T]he courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, . . . deal with theoretical problems, give advisory opinions, . . . provide for contingencies which may hereafter arise, or give abstract opinions.' " *In re Wright*, 137 N.C. App. 104, 111-12, 527 S.E.2d 70, 75 (2000) (quoting *Little v. Trust Co.*, 252 N.C. 229, 243, 113 S.E.2d 689, 700 (1960)) (omission in original). Defendant's assignment of error is "not a question ripe for review because it will arise, if at all, only if" defendant's convictions are overturned by the Supreme Court sometime in the future. *See Simmons v. C.W. Myers Trading Post, Inc.*, 307 N.C. 122, 123, 296 S.E.2d 294, 295 (1982) (per curiam). Therefore, defendant's arguments are not properly before us and we may not consider them.

No error.

Judges McGEE and STEPHENS concur.